STATE OF NEBRASKA, EX REL. PLATTSMOUTH TELEPHONE COMPANY, v. BENJAMIN S. BAKER.

FILED NOVEMBER 20, 1901.    No. 12,381.

1. **Temporary Injunction:** DISSOLUTION: SUPERSEDEAS: DUTY OF JUDGE AT CHAMBERS. Where a temporary order of injunction has been granted and subsequently dissolved or modified, the party in whose favor the injunction was allowed may, as a matter of right, under the provisions of section 679 of the Code of Civil Procedure, have the amount of a supersedeas bond fixed, and supersede the order of dissolution or modification, and continue the injunction in force until the order is reviewed by an appellate court; and it is the duty of the trial court, or judge sitting at chambers, to fix the amount of such supersedeas bond on the entry of the order of dissolution or modification.

2. **Temporary Restraining Order:** PARTY NOT ENTITLED TO SUPERSEDEAS. A temporary restraining order pending a hearing on the application for a temporary order of injunction may be subsequently dissolved, and the party in whose favor it was allowed is not entitled to have the order of dissolution super-

seded pending review, as in the case of a temporary order of injunction.

3. **Form and Substance of Order Determines Its Character.** Whether the character and function of a writ restraining the parties to the action from doing certain things, issued at its commencement, are those of a temporary order of injunction, or a temporary restraining order, must be determined by the form and substance of the order so issued.

4. **Distinguishing Features of the Two Writs.** The chief distinguishing feature of the two writs is that the temporary restraining order contemplates a further hearing on the application for a temporary injunction upon notice to and a hearing by the adverse party on such application.

5. **Writ Set Out and Construed To Be Injunction.** Writ set out in the opinion construed and *held* to be a temporary order of injunction, on the dissolution of which an amount for a supersedeas bond should have been fixed, by which the order of dissolution may be superseded.

6. **Effect of Writ.** The temporary order of injunction issued in this action *held* not to dispossess the defendant city of its streets and alleys, or take from it the authority granted by law to control and regulate the use thereof, and that the order is not for that reason void.

ORIGINAL application for mandamus to compel the respondent, as district judge, to fix a reasonable amount as a supersedeas bond. *Writ allowed.*

*Byron Clark* and *C. A. Rawls,* for relator.

*James H. Van Dusen* and *W. J. Connell, contra.*

Argued orally by *Van Dusen* and *Connell.*

HOLCOMB, J.

The relator asks a peremptory writ of mandamus requiring the respondent, one of the district judges of Douglas county, to fix a reasonable amount as a supersedeas bond on an order entered in an action pending in the district court of that county, dissolving what is claimed to be a temporary order of injunction. The writ is entitled "The Plattsmouth Telephone Company v. The City of South Omaha, its Mayor, A. R. Kelley, its Chief of Police,

Miles Mitchell, and its Street Commissioner, Frank Clark.
Temporary Order of Injunction," and reads as follows:
"This cause came for hearing upon the bill of complaint
of the plaintiff verified positively, and was submitted to
me, on consideration whereof it is ordered that an injunc-
tion be granted herein enjoining the defendant, the city of
South Omaha, its mayor, A. R. Kelly, its chief of police,
Miles Mitchell, and its street commissioner, Frank Clark,
and all other officers and employees of said city, from in
any manner interfering with the telephone business of
the plaintiff, the Plattsmouth Telephone Company, either
by cutting its wires leased from the Postal Telegraph-
Cable Company, removing its instruments, arresting its
officers and employees or from obstructing or prohibiting
the receiving and sending of messages over its said leased
wires in any manner until the further order of this court;
this order to take effect upon the plaintiff executing and
delivering to the clerk of the district court, an undertak-
ing to the defendants in the sum of $1,000 with approved
sureties, conditioned as required by law, this writ return-
able before Hon. Chas. T. Dickinson on the 7th day of
November, 1901." The order was issued at the time of
the commencement of the action.

It is contended by the respondent that the writ is a re-
straining order issued in pursuance of section 253 of the
Code, and that a modification or dissolution thereof is not
such an order as may be superseded as in the case of a
temporary injunction. In our view of the case the ques-
tion must be determined by a construction of the char-
acter, scope, and effect of this writ. If a temporary order
of injunction restraining the defendants from the acts
mentioned pending litigation, upon its dissolution the re-
lator is, under the statute, entitled to have the order
superseded by virtue of the mandatory provisions of sec-
tion 679 of the Civil Code, Compiled Statutes, 1901. On
the other hand, if the writ is a restraining order pending
and for the purpose of having a hearing on the applica-
tion for a temporary injunction, upon notice to the ad-

verse party as provided by section 253 of the Code the plaintiff is not entitled to have the order of dissolution superseded. *Manning v. Connell,* 47 Nebr., 83; *Trester v. Pike,* 60 Nebr., 510. After the commencement of the action in the district court on October 26, in which the temporary order of injunction was allowed, and the issuance thereof, the respondent as judge of the district court, on October 28, without notice to the plaintiff, entered the following order: "On further consideration of the petition in the above entitled cause, it is now ordered that the restraining order heretofore allowed in said cause be and the same is hereby revoked, annulled and dissolved; and it is further ordered that the plaintiff's application for a temporary injunction be set for hearing before Hon. Chas. T. Dickinson one of the judges of said court at room 7 in the Bee building at the hour of 9:30 A. M., 31st day of October, 1901, and that two days' notice of said hearing be given the defendants." Later, and on the 29th day of October, on motion of the defendants to correct and modify the order and entry of October 26 "so as to show on its face that said order and entry was a temporary restraining order as was intended by said judge in place of a temporary order of injunction and because the same was so entered as a temporary order of injunction through inadvertence and mistake," the following order was made by respondent as district judge: "And the court now being fully and well advised in the premises doth find that said order was issued by the court through inadvertence and mistake, and that the intention was to issue a restraining order until the application of plaintiff could be heard for temporary order of injunction, and the court further finds that said order issued upon October 26, A. D. 1901, should be corrected and made to express the intentions of the judge, and to read as follows: 'This cause came on for hearing upon the petition of the plaintiff verified positively, and was submitted to me, on consideration whereof it is ordered that plaintiff's application for a temporary injunction be denied, and that said ap-

State v. Baker.

plication be set for hearing before the Hon. Chas. T. Dickinson upon November 7, 1901, at 9 o'clock A. M., or as soon thereafter as it can be heard, and that three days' notice be given to the defendants of said application, and that in the meantime the defendants and each of them be restrained from in any manner interfering with the telephone business of plaintiff, either by cutting its wires leased from the Postal Telegraph-Cable Company, removing its instruments, arresting its officers and employees, or from obstructing or prohibiting the receiving and sending of messages over its leased wires in any manner until said application for a temporary injunction be heard. This order to take effect upon the plaintiff executing and delivering to the clerk of the district court an undertaking to the defendants in the sum of one thousand ($1,000) dollars, with approved sureties, conditioned as required by law,' to all of which plaintiff objects to the jurisdiction of the court to enter said order and excepts thereto."

These subsequent proceedings to which we have alluded operate, if at all, as a dissolution of the order first issued and unless they may be superseded the relator is without remedy in so far as that order in any way affects his case and must rely upon a further order of the district court to grant it such injunctional relief as it may be entitled to after a hearing is had upon its application. These subsequent orders may also, and probably do, have some value as showing the construction placed upon the first order by the judge issuing the same, as it must be admitted that some doubt exists as to its true character and function. If the order of injunction is open to any reasonable construction which will give to it the office and character of a restraining order pending the application and until a further hearing can be had thereon for a temporary injunction, we would be disposed so to construe it. It is, we think, unless the right to an injunction is perfectly clear, preferable and will come nearer subserving the rights of all parties to require notice to be given the adverse parties of the application for an injunction and

until the hearing thereof restrain all action that would in any wise tend to render an injunction ineffectual in the event upon hearing it should be determined that one ought to issue. We must, however, take the record as we find it, and not what we might prefer it to be.

By section 251 of the Civil Code it is provided: "When it appears by the petition that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which during litigation would produce great or irreparable injury to the plaintiff, or when during the litigation, it appears that the defendant is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act." Under the authority thus granted, a district court, or a judge thereof sitting at chambers, may grant a temporary order of injunction without notice to the adverse party at the time of the commencement of the action, which becomes effective when the bond required is given and approved by the clerk of the court; and, when issued, the plaintiff in the action is invested with certain rights in the litigation, which he can not be deprived of without being given the opportunity to have the order affecting such rights superseded and reviewed on error. Modification or dissolution of such temporary injunction affects those rights, and gives him, under the statute, the unqualified right to have the order superseded until a review thereof can be had by an appellate tribunal. The form and substance of the order under consideration meets every essential requirement of a temporary order of injunction, fully complies with the statutory provisions relative to the subject, and operates effectually to restrain the parties enjoined from doing the things prohibited while it remains in force, and until finally disposed of in the manner provided by law. It will not be

contended, we apprehend, that in form or in substance the order does not in all things meet the demands of a valid injunctional order, under the provisions of the statute we have just quoted. It is to all intents and purposes a complete and final action on the application for a temporary order of injunction, subject only to the right of the defendant to a modification or dissolution, upon which plaintiff may stay the order by giving the supersedeas bond authorized by statute. Can the same be said of the writ with respect to the contention that it is only a restraining order, effective until a hearing is had on plaintiff's application for an injunction? The spirit of the statute and the authority given for a temporary injunction is that it may issue when it appears from the petition that plaintiff's relief, or any part thereof, consists in restraining the defendants from doing the things complained of, without regard to notice to the adverse party; that when it is issued after notice the order may be modified or dissolved on the application of the defendant, and that, upon such order of dissolution or modification by any court or any judge at chambers, there should at the same time be fixed a reasonable sum as the amount of a supersedeas bond which the person or persons applying for said injunction may give, and prevent the doing of the act or acts restrained by the injunction so modified or dissolved, pending a review of the proceedings thus had. These statutory provisions, clear and explicit as they are, can not be ignored under the pretense that the writ is a temporary restraining order, unless it is, in substance and truth, such a writ as is provided for by the section of the statute we shall now consider. By section 253 it is provided that: "If the court or judge deem it proper that the defendant, or any party to the suit, should be heard before granting the injunction, it may direct a reasonable notice to be given to such party to attend for such purpose at a specified time and place, and may, in the meantime, restrain such party." This section is not difficult of construction. When it is deemed proper that the defendants

shall have notice of the application and be heard before the injunction is granted, the judge may so direct and in the meantime restrain the party from doing the things complained of. By referring to the order heretofore set out, it will be noticed that the judge found the petition sufficient to grant a temporary order of injunction, and on consideration of the petition alone the order was issued. The order does not by its terms indicate or contemplate that a further hearing on the application was to be had before the application was finally acted upon; and herein, in our judgment, lies the chief distinguishing characteristics between a "temporary order of injunction" and a mere "restraining order" until the application is fully heard. There is nothing to indicate that he deemed it proper that the defendants should be heard before granting the injunction; no order or direction that any notice be given to such party to attend for the purpose of hearing the application; no time or place mentioned for such hearing; nor does the wording of the order itself indicate that it was to operate as a restraint on the defendants "in the meantime," and only until such hearing should be had. This is made more manifest by the order subsequently made vacating the first order and dissolving the same, and directing a hearing to be had before another judge of the district court at a time and place therein named at an early date thereafter. It probably also emphasizes the fact that the case was one where a hearing might more properly be had before the application for a temporary injunction was finally passed upon. The same may be said of the second subsequent order, finding that by mistake and inadvertence the first or temporary order of injunction was allowed. While such a mistake or inadvertence may be corrected by modifying or dissolving the temporary order of injunction the order when made can not operate to defeat a party's right to have it superseded under the authority of the statute providing therefor. In the temporary order of injunction is the following recital: "This writ returnable before Hon. Chas. T. Dickinson on

the 7th day of November, 1901." These words alone fur-
nish the only ground for any doubt which can arise as to
the scope, effect and function of the order under considera-
tion.    We can only regard them as surplusage and with-
out legal import.    Judge Dickinson is one of the six other
judges   of   the   same   judicial   district   as   respondent.
Whether it was intended that future proceedings on the
order or in the case should be had before the judge men-
tioned, or whether the application was referred to him for
further consideration, or what was the purpose of the use
of these words, we can only surmise.    The phrase has no
legal significance.    It does not have the effect of a finding
that the defendants should be granted a hearing before
granting an injunction, and of directing notice to be given
to attend for such purpose at a specified time and place,
when the application would be heard and acted upon; nor
does the entire instrument indicate that a further hearing
was contemplated.    These are the chief characteristics of
a restraining order under the statute, and these are want-
ing in respect of the order first issued.    The order is not
addressed to the defendants.    It is not directed to be
served on them.    It does not expressly or impliedly war-
rant the inference that a hearing is deemed proper before
granting the injunction applied for.    It shows that the
injunction is granted.    It does not serve the purpose of
giving notice to or warning the defendants that they may
appear at any time and place and be heard regarding the
application, if desired.    It can hardly be said that service
of the order on defendants would be notice to them that
the application for an injunction was pending, undeter-
mined, and they would be given an opportunity to be heard
in resistance thereof at a time and place therein specified.
Were some action dependent on notice to the adverse
party before such action is authorized, or the judge or
court could obtain jurisdiction over the defendants, would
it be seriously contended that the order in question would
bring them into court and subject them to its jurisdiction?
It was not necessary, as a jurisdictional step, to serve the

order on the defendants.  A summons regularly issued, indorsed and served, returnable as required by law, operated as notice that a temporary injunction had been granted. The order, if served, was useful in bringing directly home to the defendants knowledge of the things they were restrained from doing.

The difference in the office and purposes of a temporary order of injunction and of a restraining order pending a hearing on the application for an injunction is well defined by statute, and there should be no room for doubt as to which is issued at the beginning of the action.  If a further hearing is deemed advisable, this may very easily be expressed in unmistakable terms and the temporary restraining order could only be regarded as issued for the purpose of restraint until the contemplated hearing was had.  Each of the two writs has certain well-defined characteristics, which distinguish the one from the other, and there ought to be no reason or opportunity for confusion as to which was intended to be issued.  The order in question falls clearly within all the requirements of a temporary injunction, and fails in several essential particulars to answer to the demands of a temporary restraining order; and we must therefore hold it to be, as contended by relator, a temporary order of injunction, from a modification or dissolution of which a party is entitled to have a bond fixed to supersede such order pending proceedings to review the action had in the trial court.

It is further contended that the temporary order of injunction, if it be construed as such, is void, because its effect is to dispossess the city of the streets and alleys, and takes from it the authority granted it by law to control and regulate the use thereof; and the case of *Calvert v. State,* 34 Nebr., 616, is appealed to as authority in support of this contention.  The rule therein stated, which appears to us sound in principle and to be followed in all proper cases, is not, we think, applicable to the facts in the case at bar.  The two cases are not at all analogous.  In the case cited it is held that: "A preliminary injunction is

58

merely to preserve matters *in statu quo* until a hearing. It can not divest rights nor transfer the possession without a trial." Says the author of that opinion in speaking of the case as presented by the pleadings and the evidence: "The judge, in effect, has undertaken to dispose of the merits of the case without a hearing. A temporary injunction merely prevents action until a hearing can be had. If it goes further, and divests a party of his possession or rights in the property, it is simply void"; citing a number of authorities in support of the proposition. The order in the case at bar divests the city of nothing. It prevents only the city and its officers from interfering or molesting the plaintiff in the enjoyment of its property then under its possession and control, during the pendency of the action. It takes away no rights of the city and transfers none to the plaintiff. The city is yet in the full enjoyment of its streets and alleys and the control thereof. If the possession which the plaintiff is enjoying of a right to do business over the lines of a franchised corporation engaged in a lawful occupation in the city is not good in law, this may be determined at the proper time and in a proper proceeding. But the mere fact that the city is restrained from interfering with such possession and the enjoyment by plaintiff of its own property pending the determination of its right to do business which it at the time is engaged in is not a divesting of the city of its possession or rights in property, within the meaning of the rule invoked. The order of injunction does what is said to be its proper function; that is, prevents action, and holds the litigated matters *in statu quo* pending a hearing, and until a final judgment may be rendered, adjudicating the rights of the parties litigant.

It is the duty of the respondent to fix a reasonable sum as the amount for which a supersedeas bond may be given on the order entered dissolving the temporary order of injunction first issued, and it will be so ordered.

JUDGMENT ACCORDINGLY.