STATE, EX REL. JAMES Q. KEEFE, RELATOR, V. GUY T. GRAVES, JUDGE, RESPONDENT.

FILED SEPTEMBER 16, 1908.   No. 15,722.

1. Injunction: VACATING.  On the 18th day of May, 1908, the defendant, the judge of the district court, granted a temporary injunction enjoining a defendant from entering upon and interfering with the possession of the plaintiff in the action, of a certain tract of land.  On the 23d day of the same month, and while the injunction was in full force, he granted a counter injunction restraining the plaintiff from interfering with the possession of defendant.  On the 1st day of June he modified the first injunction to the extent of permitting the defendant in the action to enter upon the land and cultivate and care for the growing crops planted by him.  On the 4th day of June the order allowing the first injunction was vacated and set aside, but a supersedeas was granted and the required undertaking was given. Held, That the second injunction, being in contravention of the one then in force, was improvidently issued, and should be vacated.

2. ———: SUPERSEDEAS.  The first order issued, set out in the opinion, held to be a temporary order of injunction, and not a mere restraining order, and one which could be continued in force, after dissolution, by a supersedeas.

3. ———: RESTRAINING ORDER.  "A restraining order is in aid only, and not a part of the main action.  Its office is only to hold matters in statu quo for the time being, and until parties can be heard as to the propriety of issuing a temporary injunction." Trester v. Pike, 60 Neb. 510.

4. ———: DISSOLUTION: SUPERSEDEAS. An injunctional order which
does not contemplate a hearing as to whether a temporary in-
junction shall be allowed is of itself a temporary injunction, and
must be so treated. An order dissolving such injunction may
be superseded.

ORIGINAL application for writ of mandamus to compel
respondent, as judge of the district court, to vacate an
order of injunction. *Writ allowed.*

*Herman Frees* and *Hiram Chase,* for relator.

*Curtis L. Day, contra.*

REESE, J.

This is an application to this court in the exercise of
its original jurisdiction for a mandamus to the defendant,
the judge of the district court of the Eighth judicial dis-
trict of this state. The facts, as shown by the pleadings
and proofs, may be briefly stated to be that the relator,
James Q. Keefe, is the holder of the title to the southeast
quarter of the southeast quarter of section 25, in township
25 north, of range 6 east, in Thurston county; that he
became the owner of the land by proper conveyances after
the first day of January, 1908; that prior and up to about
the 10th day of January the property was owned by
George Lieb, an Omaha Indian, he having received a pat-
ent therefor on the 19th day of December, 1907, but by
later conveyances relator became the owner; that for
several years Silas Lieb had cultivated the land as a
tenant, and during the month of September, 1907, and
while George Lieb was the owner, he leased the land from
George for the year 1908, paying a portion of the rent,
and prepared the ground for the crops of 1908 by plowing
it, and in the spring of 1908 began the cultivation by
putting it in corn, and was proceeding to cultivate the
crops thus planted. On the 18th day of May, 1908, Keefe
commenced an action in the district court for Thurston
county against Silas Lieb, the purpose of which was to

enjoin him from entering upon the land or in any manner interfering or molesting Keefe in the quiet enjoyment of the possession of the premises. Application was made to defendant for the allowance of an injunction, which was granted, and an order in the following form issued: "Upon reading the petition of plaintiff, duly verified, and for good cause shown, a temporary restraining order is granted herein restraining and enjoining the defendant, his attorneys, agents, servants and employees from entering upon the southeast quarter of the southeast quarter (S. E. ¼ of S. E. ¼) of section twenty-five (25), of township twenty-five (25) north, and of range six (6) east of the 6th P. M., in Thurston county, Nebraska, and from in any manner interfering with or molesting the plaintiff in the quiet enjoyment of the possession of said premises until further order of this court, upon the plaintiff executing and delivering to the clerk of the court an undertaking to the defendant in the sum of $200 with approved sureties conditioned as required by law." The required undertaking was given and a summons was issued in the usual form, upon which was indorsed, "Injunction allowed," by the clerk. On the 23d of May, Silas Lieb, the defendant in the action, filed his cross-petition, in which he set up the facts of his tenancy, as above stated, including the lease from George Lieb, the preparation of the land for the crop of 1908 and the planting of the crop, and prayed for an order of injunction against Keefe restraining him from entering upon the land or disturbing the crop growing thereon, and from molesting the cross-petitioner in the quiet enjoyment of the possession of the property. The cross-petition also alleged that the plaintiff Keefe was a nonresident of the state; that, if he had become the owner of the land, his title and ownership was subject to the rights of the cross-petitioner as tenant in possession, and he was charged with notice of such rights; that one William A. Mutz was the agent or tenant of the plaintiff, or by some other claim, and, with the plaintiff, was threatening to enter upon the land and destroy the crops growing

thereon, and that he was a necessary party to the litigation.

We find nothing to show that any notice was given to either party of the application for these injunctions. Why defendant did not take this precaution in either case we need not now inquire. On the same day of the filing of the cross-petition a temporary order of injunction was granted against the plaintiff Keefe, and Mutz, enjoining them from entering upon the land and destroying the growing crops by planting other crops or otherwise until the further order of the court, upon the execution of an undertaking in the sum of $100. On the 25th day of May, Lieb, the defendant in the action, served notice on the plaintiff Keefe of an application to be made on May 30, to the defendant herein, to "vacate the temporary order of injunction heretofore allowed in this case," upon the ground of the insufficiency of the petition upon which the same was allowed, that the court had no jurisdiction to issue the order, and that it was an attempt to deprive defendant of the possession of his property by the injunction in violation of law. On the 4th day of June the following order was signed by defendant: "Now, on this 4th day of June, 1908, at chambers, this cause came on for hearing upon the motion of the defendant, heretofore filed, to vacate the temporary restraining order heretofore granted in this case, and was submitted to the court upon the petition, affidavits, and the testimony of sundry witnesses offered in evidence, and the argument of counsel, plaintiff appearing by his attorneys, H. Chase, Esq., and H. Freese, Esq., and the defendant by his attorneys, C. L. Day, Esq., and P. W. Cain, Esq., and the court, being fully advised in the premises, doth find: That the defendant, Silas Lieb, at and long prior to the commencement of this action was and now is in possession of the premises described in plaintiff's petition, had plowed the same and planted it to corn, and had a growing crop upon said premises at the time of the bringing of this action, and the court finds it is without

jurisdiction to grant an injunction herein. On considera-
tion whereof, it is ordered that the said motion be and the
same is hereby sustained, and the injunction heretofore
granted is hereby vacated, set aside and dissolved. To
all of which findings and order plaintiff duly excepts.
Supersedeas bond fixed at three hundred dollars. To the
order fixing supersedeas bond, defendant excepts." A
supersedeas bond was given which was approved by the
clerk. It is shown that the defendant herein, at the time
of entering the order last above copied, informed the de-
fendant in that suit that he could safely reenter the land
and cultivate the crops, so far as any danger from con-
tempt proceedings might be concerned. By this applica-
tion for a mandamus, the relator, who was plaintiff in the
injunction proceedings, seeks an order to the defendant
requiring him to abide by the injunction first issued, and
to vacate the second order of injunction and vacate the
order modifying relator's injunction.

The defendant in his answer and return contends that
the first order of injunction was only a restraining order
and was never intended as or for a temporary injunction.
This contention is fully met and disposed of in *State v.
Baker,* 62 Neb. 840, where it is held that the question
must be determined by a construction of the character,
scope and effect of the writ. The order issued fixed upon
no time for further hearing, as required by section 253
of the code in a restraining order, but to all intents and
purposes was a temporary injunction. In the case above
cited it is said: "The order does not by its terms indicate
or contemplate that a further hearing on the application
was to be had before the application was finally acted
upon; and herein, in our judgment, lies the chief dis-
tinguishing characteristics between a 'temporary order of
injunction' and a mere 'restraining order' until the appli-
cation is fully heard. There is nothing to indicate that
he deemed it proper that the defendants should be heard
before granting the injunction; no order or direction that
any notice be given to such party to attend for the pur-

pose of hearing the application; no time or place men-
tioned for such hearing; nor does the wording of the order
itself indicate that it was to operate as a restraint on the
defendants 'in the meantime,' and only until such hearing
should be had." A restraining order continues in force
only until such fixed time as is ordered for the hearing,
unless extended by further order to some later date. It
is allowed only for the purpose of maintaining the status
until notice may be given and a hearing had upon the
application for the temporary order. With the exception
of the erasure of the words "it is ordered that," and the
interlineation of the words "a temporary restraining
order.of," so as to make it read, "for good cause shown
a temporary restraining order of injunction is granted
herein restraining the defendants," etc., the order pos-
sesses all the elements necessary to a temporary injunc-
tion. That such was considered as the case is shown by
all the actions of defendant and the attorneys for the
parties to the suit. Notice was given the plaintiff's coun-
sel that on a day named the attorneys for the defendant
would apply to the judge of the district court at the court-
house "to vacate the temporary order of injunction here-
tofore allowed in this case," etc., and in the order made
by the judge at chambers it is ordered that the motion
be sustained, "and the injunction heretofore granted is
hereby vacated, set aside and dissolved," and the super-
sedeas bond was fixed at $300, and on the same day the
bond was given and approved. It would be a serious
reflection upon the intelligence of defendant to say that
he did not know that the dissolution of a restraining order,
or rather the refusal to continue it, could not be super-
seded. We must therefore conclude that his action in
granting the supersedeas was taken with knowledge of
the effect of the first order made. As we have seen, while
the temporary order of injunction, enjoining the then de-
fendant Lieb from entering upon the land was in force,
another injunction was issued upon behalf of the defend-
ant Lieb, enjoining the then plaintiff Keefe from doing

the same thing, thus effectually preventing the cultivation of the crop then growing. If it could have any effect, it would be to nullify the former order, but as that order could not be modified in that way we cannot see but that the second injunction was improvidently and, to say the least, irregularly issued. We can see no other solution of this question, and the order will have to be that that injunction must be vacated. The writ will therefore issue for that purpose.

It appears that on the 1st day of June the original injunction was modified by providing that "the defendant be permitted to enter upon the premises and cultivate the crops which have been planted by him upon said lands, and to give same all proper attention, and prevent the loss of the crops so planted by him," etc. This order prevents the loss of the crops, and will leave the question of ownership for adjudication upon the trial of the principal cause, which should be disposed of at an early date. It is contended that the decision in the case of *State v. Graves,* 66 Neb. 17, is decisive of this case, and that the first injunction issued was void. Were it not for the modification of the order of injunction above referred to, there might be substantial ground for holding that case to be in point here, but in that case the legal effect of the order of injunction was the practical transfer of property in possession of the defendant to the possession of the plaintiff, thus depriving the defendant of crops which he had planted. As modified, the injunction in this case cannot have that effect. The defendant in the suit is permitted to properly till and care for the crops, thus preserving them, but in no sense adjudicating the rights of the parties.

It is argued that the proof shows beyond question that, when plaintiff Keefe purchased the land, Lieb had previously leased it of the then owner, paid the rent for the year 1908, had continued his previous possession, and plowed the ground preparatory to the 1908 crop; that in the spring of that year he had planted the land in

corn, and was cultivating the same at the time of the commencement of the suit and issuance of the injunction, and that Keefe had at least constructive, if not actual, notice of Lieb's rights. Such would seem to be the case, and, if so, it must be conceded that Keefe cannot maintain his action. But that question must be adjudicated in the forum to which it belongs. The injunction was judicially, if not judiciously, issued, and, as we are not now exercising appellate jurisdiction, we cannot interfere with that proceeding. If insisted upon by Keefe, it must take its course in the district court.

The conclusion is that the order of injunction in favor of Lieb and against Keefe and Mutz, issued May 23, 1908, was improvidently and illegally issued, and a peremptory order of mandamus, commanding defendant to vacate the same, is granted.

WRIT ALLOWED.