STATE, EX REL. MINDEN-EDISON LIGHT & POWER COMPANY,
PLAINTIFF, V. HARRY S. DUNGAN, DEFENDANT.

FILED AUGUST 22, 1911. No. 17,266.

1. **Injunction: SUPERSEDEAS.** A temporary restraining order granted
upon an application for an injunction is authorized by statute
for the purpose of a hearing when necessary before granting a
temporary injunction. An order restraining a party absolutely,
without providing for a hearing upon the application, is not a
temporary restraining order. It is an injunction, and an order
dissolving it may be superseded.

2. ————: **PETITION: JURISDICTION.** A mere technical defect in a peti-
tion for injunction will not deprive the court or judge of juris-
diction to determine whether a temporary injunction should be
granted. If the allegations of the petition show that the plain-
tiff's cause of action is within the jurisdiction of the court and
is of such a nature that an injunction would be an appropriate
remedy, the court or judge is not without jurisdiction. Although
the order granting the writ may be irregular or erroneous, it is
not necessarily subject to collateral attack for want of jurisdic-
tion of the subject matter.

3. ————: **NOTICE: INDORSEMENT ON SUMMONS.** When a temporary
injunction is granted at the commencement of an action, it is
not necessary to give any other notice than to indorse the sum-
mons, "Injunction allowed," as required by statute. Such in-
dorsement is a sufficient compliance with a condition of the order
that it shall take effect when the defendants are notified thereof.

4. ————: **AFFIDAVIT: SUFFICIENCY.** The affidavit for a temporary
injunction failed to show that the judges of the supreme court
were absent from the county in which the application was made.
*Held,* That the order of the county judge granting the writ was
not for that reason void for want of jurisdiction.

5. ————: **PETITION: PRAYER: AMENDMENT.** If the prayer of a peti-
tion for injunction does not ask for a temporary order, it is
irregular to grant such order without amendment of the petition
in that respect. Such defect is not jurisdictional, and the plain-
tiff may supersede an order dissolving such temporary in-
junction.

6. ————: **POWERS OF COUNTY JUDGE.** A county judge cannot grant a
perpetual injunction. If the language of his order purports to
do so, it should still be regarded as a temporary injunction, and
should not be treated as absolutely void for that reason.

State v. Dungan.

7. **Mandamus:** TEMPORARY INJUNCTION: SUPERSEDEAS: REVIEW. In an action of mandamus in this court to require a judge of the district court to fix the amount of an undertaking to supersede his order dissolving a temporary injunction, this court cannot consider the merits of the controversy in the original action for injunction. Under the statute, a temporary injunction may be continued in force until the final hearing by giving the proper undertaking.

ORIGINAL application for a writ of mandamus to compel respondent to fix the amount of a supersedeas bond. *Objections to application for writ overruled.*

*J. L. McPheely,* for plaintiff.

*C. P. Anderbery, contra.*

SEDGWICK, J.

On the 11th day of July, 1911, an election was held in the city of Minden, a city of more than 1,000 and less than 5,000 inhabitants, upon the question of issuing bonds of the city in the sum of $15,000 "for the purchase, construction and establishment of a lighting system in and for said city." The election having resulted in favor of issuing the bonds, this plaintiff began an action in the district court for Kearney county to enjoin the issuing of the bonds and for other relief. An order was made by the county judge enjoining the defendants as prayed in the petition. A few days later a motion was filed by defendants to "dissolve or vacate the injunctional order issued against these defendants" upon four several grounds stated in the motion as follows: "First. For that said injunctional order issued by the county judge is void and of no effect for the reason that the prayer of the petition does not ask for either a temporary injunction or a temporary restraining order. Second. For that said injunctional order was issued upon the condition that notice was to be given to these defendants, which was not done other than the regular summons served on them. Third. For

that said injunctional order so issued by the county judge
is void in that it is uncertain and indefinite in its terms.
Fourth.  For that the petition does not state facts suffi-
cient to state cause of action for the issuance of any in-
junctional order."  A hearing was had upon this motion
before the judge of the district court at chambers, who
found that "the facts stated in the petition do not con-
stitute a cause of action," and that the affidavit for the
injunction was insufficient because it did not show "that
there were no supreme judges or judge in said county"
when application was made to the county judge, and
"that there was no prayer for a temporary order of in-
junction, or temporary restraining order in the petition,"
and, for these reasons, the county judge was "without
jurisdiction to issue any temporary order of injunc-
tion on the affidavits, prayer and petition of plaintiff."
Upon these findings, the judge of the district court made
the following order: "Wherefore it is ordered, adjudged
and decreed that said temporary order of injunction be
and the same is hereby declared to be void and of no ef-
fect, and that the petition does not state facts sufficient
to constitute a cause of action, and the same is therefore
dissolved and said petition hereby be and the same is dis-
missed, to which findings and orders the plaintiff excepts."
The plaintiff then asked the judge "to fix a bond supersed-
ing said temporary order of injunction."  The judge
refused "to fix any bond superseding said injunctional or-
der," and stated as a reason therefor that "the said order
issued by the county judge was for the reasons hereinbe-
fore set out void and of no effect."  The plaintiff then
applied to this court for a writ of mandamus to require
the judge to fix the amount of a supersedeas bond.  Upon
agreement of the parties briefs have been filed and oral
arguments were heard upon this application.

The provision of the statute relied upon in this applica-
tion is as follows: "That in case of the dissolution or
modification by any court, or any judge at chambers, of
any temporary order of injunction, which has been or may

hereafter be granted, the court or judge, so dissolving or modifying said order of injunction, shall at the same time fix a reasonable sum as the amount of a supersedeas bond, which the person or persons applying for said injunction may give, and prevent the doing of the act, or acts, the commission of which was, or may be, sought to be re- strained by the injunction so dissolved or modified." Code, sec. 679. The code also provides that under certain cir- cumstances the county judge may grant a temporary in- junction. "The injunction may be granted at the time of commencing the action, or at any time afterwards, before judgment, by the supreme court or any judge thereof, the district court or any judge thereof, or in the absence from the county of said judges, by the probate judge thereof, upon it appearing satisfactorily to the court or judge, by the affidavit of the plaintiff or his agent, that the plain- tiff is entitled thereto." Code, sec. 252. The action of the judge of the district court in refusing to fix the amount of the supersedeas bond, it will be seen from the foregoing statement was upon the theory that the county judge was without jurisdiction to make the order allowing the writ. It was also contended upon the argument that, if it should be found that the county judge had jurisdiction to make the order, then the order as made must be construed to be a temporary restraining order only, and in that case the judge of the district court might refuse to continue it and the plaintiff would not be entitled to a supersedeas.

1. The first question, then, which we will consider is as to the form of the order entered by the county judge. If it is considered that the county judge had jurisdiction to make the order, should that order be construed as a tem- porary restraining order only or as an order granting a temporary injunction? It has been held that if the effect that should be given to the order of the county judge is doubtful, or if the language of the order will admit of such construction, then it should be considered as a tem- porary restraining order only. *State v. Graves*, 82 Neb. 282. This holding seems to be upon the theory that it

cannot ordinarily be necessary that the county judge should do more than restrain the acts complained of until a hearing can be had in the district court, which has complete jurisdiction of the matter. The condition of the statutes upon this subject suggests the possibility that, if the attention of the legislature had been challenged directly to the matter, the confusion resulting from the improper granting of temporary injunctions by county judges would have been avoided by limiting their jurisdiction to the granting of temporary restraining orders only. The court, however, must take the statute as it finds it and ascertain, if possible, the intention of the legislature. It has been considered and determined in very many cases that the legislation upon this subject has made a definite distinction between a restraining order and a temporary injunction. The earlier decisions have also established some rules which must be adhered to by the courts in the absence of further legislation. In *State v. Baker*, 62 Neb. 840, the following rule was established: "The chief distinguishing feature of the two writs is that the temporary restraining order contemplates a further hearing on the application for a temporary injunction upon notice to and a hearing by the adverse party on such application." In *State v. Graves*, 82 Neb. 282, this rule was adhered to and stated perhaps in more definite terms as follows: "An injunctional order which does not contemplate a hearing as to whether a temporary injunction shall be allowed is of itself a temporary injunction, and must be so treated. An order dissolving such injunction may be superseded." The order of the county judge in this case is absolute, and does not contemplate any hearing as to whether a temporary injunction should be allowed, and is therefore within the rule established in the cases quoted, and clearly is not a temporary restraining order. If it was made with jurisdiction, and is to be given any force and effect, it must be regarded as a temporary injunction. If the order amounts to a temporary injunction, and the county judge has jurisdiction to make it, the plaintiff was,

of course, entitled to continue it in force until the final hearing of the cause, and for that purpose was entitled to an order of the district judge fixing the amount of the bond to be given to supersede his order of dissolution. Section 679 of the code is clear and positive, and is to that effect.

2. As a reason for supposing that the county judge was without jurisdiction in this case, it was urged that the petition for the injunction fails to state a cause of action. It must be conceded that, if the character of the petition was such that under no circumstances could an injunction be allowed upon such a supposed cause of action, there would be no jurisdiction to grant the writ, but a mere technical defect in the pleading, which, unless remedied, might be fatal upon the final trial, would not deprive the court of jurisdiction of the action.  If the substance of the petition was such that the district court would have jurisdiction of the action and to grant an injunction thereon, although the order of the county judge might be irregular and erroneous, still it could not be said that he was without jurisdiction to determine whether the petition stated a cause of action, and whether the plaintiff was entitled to the writ, and, having determined those matters, whether correctly or incorrectly, the plaintiff would be entitled to a final hearing thereon, and for that purpose to supersede the order of the district judge in setting aside the order granting the writ. It is not necessary to set out in this opinion the allegations of the petition, as they clearly show that the plaintiff's cause of action was within the jurisdiction of the district court, in which an injunction might be an appropriate remedy.  The contention, then, that the order of the county judge was void because of defects in the petition cannot be sustained.

3. The order of the county judge was conditional that notice be given the defendants and undertaking entered into as required by law.  It is objected that the order was void because notice was not given as contemplated

therein. No question is raised as to the form and sufficiency of the undertaking. The summons was indorsed: "Injunction allowed." The statute provides that this shall be sufficient notice of the granting of an injunction. When the summons served is so indorsed the defendant must take notice of the terms of the order, as well as of the allegations of the petition.

4. The statute quoted provides that an injunction may be granted "by the supreme court or any judge thereof, the district court or any judge thereof, or in the absence from the county of said judges, by the probate judge thereof." In this case the affidavit stated that the judge of the district court was absent, but did not mention the judges of the supreme court. It is, of course, apparent that no order of injunction can be allowed until an affidavit has been filed in substantial compliance with the statute. We are required, then, to consider whether it must in all cases be shown by the affidavit that none of the judges of the supreme court is present in the county where the order is made. The section containing this provision is in the revised statutes of 1866, which was approved on the 9th day of March, 1866. Another section of the same act, which is still in force, provides: "If the court or judge deem it proper that the defendant, or any party to the suit, should be heard before granting the injunction, it may direct a reasonable notice to be given to such party to attend for such purpose at a specified time and place, and may, in the meantime, restrain such party." Code, sec. 253. The constitution gives the supreme court original jurisdiction in certain specified matters. It would seem from the various provisions of the statute that in an action to be brought in this court within its original jurisdiction, in which an injunction would be a proper remedy, the county judge might, in the absence of all of the judges of this court and the judges of the district court from the county, allow a temporary injunction. In such case the county judge could not act unless all of the judges of this court were absent from

the county. The statute in question would have direct
application to a matter of that kind. The judges of this
court have declined to allow injunctions in actions pend-
ing in the district courts of the various counties in the
state, and their jurisdiction to allow such injunctions
may well be doubted under the provisions of the consti-
tution. The question was stated, but not determined, by
this court in *Calvert v. State*, 34 Neb. 616, and Judge
MAXWELL, who wrote the opinion in that case, has sug-
gested an approved form of affidavit upon which to apply
for an injunction in the district court, and in which no
reference is made to the judges of this court. Maxwell,
Pleading and Practice (6th ed.) p. 655. It appears to
have been for many years accepted as the proper construc-
tion of the statute under our constitution that the affi-
davit for injunction, in actions pending or to be brought
in the district court, is not defective so as to deprive the
court of jurisdiction, because of failure to allege that the
judges of this court were absent from the county in which
the application was made. The order allowing the tem-
porary injunction must be reviewed upon the final trial
of the case, and may then be dissolved by the district
court as improvidently issued. It seems unreasonable
to suppose that it was intended that orders made in an
action by a judge or judges of this court should in the
same action be reviewed and set aside by the district
court. This would be the necessary result, however, if
the judges of this court should allow orders of injunction
in actions pending in the lower courts. The objection
to the affidavit in this case is purely technical. There
was no attempt to show, nor was there any suggestion,
that any of the judges of this court were in Kearney
county when this application was made. The application
for injunction contained allegations showing that the
plaintiff was "entitled thereto." We should avoid, if pos-
sible, a construction of the law that might defeat merito-
rious causes of action upon objections so technical. We
conclude that the county court was not without jurisdic-

tion because of the absence of this allegation in the affidavit for the order.

5. There was no prayer in the petition for a temporary order of injunction. The prayer was that the defendants (naming them) "be forever enjoined  *  *  *  and that upon final hearing of this case said injunction be made perpetual and for such other and further relief as may seem just and equitable in the premises." The county judge had no jurisdiction to grant a perpetual injunction. The power given to him was to grant a temporary injunction that should be enforced until the matter could be finally heard upon its merits, and, if he thought necessary, he might require notice of the application for the temporary injunction to be given the defendant before granting the same, and in the meantime might restrain the acts complained of until such application should be heard. This last-named order restraining the defendants in the meantime has been by the courts denominated as a temporary restraining order, as distinguished from a temporary injunction. There is a conflict in the authorities as to whether a temporary injunction may be awarded in an action for perpetual injunction and without any prayer for temporary relief. It may also be said that the courts are not unanimous as to whether a prayer for general equitable relief will without amendment support an order granting a temporary injunction, but the courts quite generally hold that, if facts stated in the petition will justify the granting of a temporary injunction, the prayer of the petition which fails to ask for such relief may be amended when objection is first made upon that ground, and a temporary injunction be allowed. If the order allowing the temporary injunction is made, the objection that the petition, which states facts justifying such order, does not ask for such relief is purely technical, and, under our liberal provisions for amendment of pleadings and proceedings, such amendment ought to be allowed for the purpose of supporting that order whenever it is assailed. We think, therefore, that this technical

objection to the pleading ought not now to defeat the jurisdiction of the county judge. This court upon request would, under the circumstances in this case, allow an amendment to the prayer even upon appeal. The constitution gives the unqualified right to be heard in the court of last resort, and the statute, to preserve that right, commands the district court in positive terms to fix the amount of the bond to be given by the plaintiff to supersede the order of that court dissolving an injunction which has been granted in a cause.

6. The county judge apparently attempted to allow a perpetual injunction. The language of his order is that "the defendants herein (naming them) be, is forever and are each and severally hereby enjoined," etc. There is no reference in the order to any hearing in the district court, nor any suggestion that any final determination of the matter by that court is necessary. The conclusion of the county judge, however, was that the defendants ought to be enjoined upon the facts stated in the petition. He granted an injunction which in its terms is too broad. He cannot go beyond his jurisdiction, and the law will limit his order accordingly. To hold that, because he tried to do too much, his order, so far as it is within his jurisdiction, must be disregarded would be to act upon a technicality not affecting the merits of the controversy or any substantial right of the parties. It is the duty of the courts to do justice, and the substantial rules of the law designed to protect the rights of litigants must be observed, but this does not require us to hold that this irregularity in the order of the county judge is jurisdictional.

7. Much is said in the briefs, as was also in the oral argument, as to the merits of the controversy in the injunction suit, but with this the court has nothing to do in this mandamus proceeding. That case must be tried upon its merits, and in the manner provided by the statutes. When a temporary injunction is allowed in a cause, the statute in unqualified terms gives the party in whose

favor it is granted the right to continue it in force until the final determination of the cause. The courts cannot change these statutes. The great delay and embarrassment sometimes caused by improvident injunction orders are serious matters. No such orders should be made without careful investigation and consideration, and only when it is reasonably clear that the order is necessary and will prevent wrongs and injury otherwise unavoidable without itself causing greater injuries. It is seldom, if ever, necessary that a county judge should allow an injunction as distinguished from a temporary restraining order. The legislature has given that officer the power to do so, and when he acts within the authority given him by statute his orders have the same force as similar orders of the court having complete jurisdiction of the action.

After the alternative writ was issued, the defendant filed an answer to the original petition which was in the nature of a demurrer on the ground that the application for the writ itself shows that the county judge was without jurisdiction to issue the writ, and that because of irregularities the writ is void. By agreement the cause was submitted as upon the defendant's objection to the original application in this court for the allowance of the writ of mandamus, and has been so considered by this court. These objections are not well taken, but it will not be presumed that a peremptory writ will be necessary, and none will be issued except upon application and showing of the necessity thereof.

The defendant's objections to the application for the writ are overruled; each party to pay his own costs.

OBJECTIONS OVERRULED.

REESE, C. J., and BARNES, J., absent and not sitting.