CHARLES B. HARBIN, APPELLANT, v. DON L. LOVE, MAYOR, ET AL., APPELLEES.

FILED OCTOBER 25, 1929. No. 27143.

*Sanden, Anderson, Laughlin & Gradwohl,* for appellant.

*Frank A. Peterson, Lloyd E. Chapman, Max G. Towle* and *Farley Young, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This is a suit in equity brought originally in the district court for Lancaster county, Nebraska, for an injunction preventing the officials of the city of Lincoln and Lancaster county from seizing and confiscating certain vending machines and from interfering with the lawful operation of the same. The trial court found that the vending machines in question were gambling devices, and that an injunction should not be allowed, and dissolved the restraining order. The trial court denied plaintiff's application for a supersedeas bond.

Subsequently, the defendant filed a transcript in this court and a motion for supersedeas, supported by printed brief representing that the decree of the trial court dis-

solved a temporary injunction existing in favor of plaintiff. Relying upon this showing, an order of the court was entered sustaining motion for supersedeas and fixing the amount of the bond at $1,000. Upon a motion of defendants, this order was vacated, for the reason that the order entered in this court allowing a supersedeas was made upon motion without notice, which is contrary to the rules of the court. Thereupon the plaintiff filed a motion for a supersedeas and served notice on defendants. The defendants made a showing resisting the motion for the following reasons, which we will discuss in the order presented:

(1) That no temporary injunction was ever granted by the district court in this cause, but only a temporary restraining order, which was dissolved after a trial on the merits, and which restraining order cannot be superseded.

(2) That the slot machines which the appellant seeks to prevent the appellees from molesting are gambling devices and used for gambling purposes, and in which the appellant can have no property rights by law.

(3) That this court is without jurisdiction to grant a supersedeas herein for the reason that more than twenty days have elapsed since the entry of the final order in the cause in the district court.

As a matter of statutory right the plaintiff is entitled to a supersedeas bond upon the dissolution of a temporary injunction.

"In case of the dissolution or modification by any court, or any judge at chambers, of any temporary order of injunction which has been or may hereafter be granted, the court or judge so dissolving or modifying said order of injunction shall, at the same time, fix a reasonable sum as the amount of a supersedeas bond, which the person or persons applying for said injunction may give, and prevent the doing of the act or acts, the commission of which was, or may be sought to be restrained by the injunction so dissolved and modified." Comp. St. 1922, sec. 8751.

The force and effect of the supersedeas, if given, is defined by section 9141, Comp. St. 1922, as follows:

"No appeal in any case shall operate as a supersedeas, unless the appellant or appellants shall within twenty days next after the rendition of such judgment or decree, or the making of such final order, execute to the adverse party a bond with one or more sureties as follows: * * * When the judgment, decree or final order dissolves or modifies any order of injunction which has been or hereafter may be granted, the supersedeas bond shall be in such reasonable sum as the court or judge thereof in vacation shall prescribe, conditioned that the appellant or appellants will prosecute such appeal without delay, and will pay all costs which may be found against him or them, on the final determination of the cause in the supreme court; and such supersedeas bond shall stay the doing of the act or acts sought to be restrained by the suit, and continue such injunction in force until the case is heard and finally determined in the supreme court."

This court has held, under the provisions of these sections, that upon the dissolution of the temporary injunction at the trial plaintiff was entitled as a matter of statutory right to have the court fix the amount of a supersedeas bond. *State v. Baker,* 62 Neb. 840. At the time this court sustained the motion, *ex parte,* plaintiff contended, as he still contends, that a temporary injunction was in effect at the time of the hearing in the trial court. The court was then of the same impression, and if the record had sustained plaintiff's contention it would have entitled him to have a supersedeas bond fixed by this court. If, however, no temporary injunction was granted and if at the time of the trial a temporary restraining order was in effect, then the plaintiff is not entitled to a supersedeas. It is not the intention of the legislative act to give to a restraining order the force and effect which attaches to an injunction allowed upon a hearing in the case. The purpose of a restraining order is to suspend proceedings until the parties may be heard. *State v. Greene,* 48 Neb. 327.

It must therefore be determined, solely from the record, whether at the time the case was tried upon the merits in

the district court there was in force and effect a restraining order of a temporary injunction. A temporary restraining order is merely to preserve matters *in statu quo* until a hearing. *State v. Graves,* 82 Neb. 282. Such was the original order entered in this case. It provided for a bond, which was given until a hearing upon the temporary injunction.

The plaintiff contends that the temporary order granted in this case amounted to a temporary injunction. He contends that a temporary restraining order contemplates a hearing as to whether it will be supplanted by a temporary injunction. Upon the date set for the hearing in this case, upon the request of the defendants, the case was continued to be taken up "Friday, July 5, 1929, at which time case will be heard on its merits." Whether an order is a restraining order or a temporary injunction must be determined from its form and substance. 32 C. J. 28. Tested by this rule, the form and substance indicates that this was a temporary restraining order. If the order had restrained defendants absolutely without providing for a hearing upon the application, it would have been an injunction and not a temporary restraining order. *State v. Dungan,* 89 Neb. 738; *State v. Graves, supra.* The order in this case did provide for a hearing and did not operate as a temporary injunction unless perchance it was so converted by the order of the court continuing the hearing on said application until a day certain, and providing that on said day the case would also be heard on the merits. The record discloses that both parties asked for and secured continuances. In the stipulation between the parties, it was agreed by the parties that the whole case was to be decided, including the restraining order and interlocutory injunction. This, we submit, fairly indicates that it was the intention of the parties that the hearing on the application for a temporary injunction should be heard at that time. The attorneys for the plaintiff put this construction upon the record. In a motion for a continuance filed in the trial court on June 27, 1929, ten days after the

date set for hearing on the temporary injunction, they move the court that, "if this application be not granted, then only the matter of temporary injunction be considered and the matter of permanent injunction be not set for trial until at least Tuesday, July 2, 1929." If there were any ambiguities, which we think there are not, in the stipulation between the parties, the misunderstanding as to the condition of the record and the effect, on the part of plaintiff's attorney, arose at a later date.

Another reason occurs to us why the contention of the plaintiff is untenable. If, in this case, the trial judge, instead of continuing the hearing, had entered an order providing that this restraining order should become effective as an injunction, the statutes required a new bond to be given before it could be given effect. The bond given to secure the temporary restraining order would not give effect to the temporary injunction. *State v. Greene,* 48 Neb. 327. There is no contention that any new bond was given at the time plaintiff contends the restraining order became an injunction.

We are of the opinion that the order in effect at the time the case was heard by the trial court was a restraining order, and not a temporary injunction. Therefore the plaintiff was not and is not entitled to a supersedeas bond.

The second objection relates to the issue in this case. It is not a matter to be considered by the court upon this motion. The issue in this case is whether the vending machines in question are gambling devices. This case is to be heard *de novo* in this court, and to decide that question now would be to decide it without a hearing. It is not material, necessary, or proper to consider this question relative to the plaintiff's right to a supersedeas.

The question presented by the first objection having been decided in favor of defendants, it is not necessary for a disposition of this case to discuss the third objection. The plaintiff not having obtained a temporary injunction, and a permanent injunction having been denied by the trial court, his motion for a supersedeas bond is overruled.

SUPERSEDEAS DENIED.