STATE OF NEBRASKA EX REL. CLARENCE S. BECK, ATTORNEY GENERAL OF THE STATE OF NEBRASKA, AND THE DEPARTMENT OF BANKING OF THE STATE OF NEBRASKA, APPELLANT, V. ASSOCIATES DISCOUNT CORPORATION, A FOREIGN CORPORATION, ET AL., APPELLEES.

73 N. W. 2d 673

Filed December 10, 1955. No. 33943.

*Clarence S. Beck,* Attorney General, and *Robert A. Nelson,* for appellant.

*Matthews, Kelley, Fitzgerald & Delehant* and *Woods, Aitken & Aitken,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The issue before the court arises on a motion of appellees for an order directing the clerk of this court to withhold approval of the bond of the receiver appointed by this court and a motion for an order dissolving a temporary restraining order entered by this court, both for the reason that the court was without power or authority to enter such orders and that they are therefore void and of no force and effect.

This action was commenced in the district court for Douglas County on July 7, 1955. The petition alleged in substance that the defendant, Associates Discount Corporation, is organized and existing under the laws of the State of Indiana and qualified to do business in this state. The suit was instituted by the Attorney General of Nebraska by the filing of a petition in the district court in which it is alleged that the defendants and each of them have failed to procure a license to conduct an installment loan business in this state and, with the intent of evading the usury laws of the state, have engaged in a devise and subterfuge by means of which

they have and are exacting usurious charges for the making of installment loans to purchasers of automobiles as specifically set forth in the petition. The prayer of the petition is for a decree finding that Associates Discount Corporation is operating an installment loan business in this state in violation of law with the intent of violating its usury laws; that, pending a hearing on the application for a temporary injunction and the appointment of a receiver, a restraining order be issued restraining the removal of the assets, books, and papers of the corporation beyond the jurisdiction of the court and from collecting or attempting to collect any of their unlawful and void loans; and that upon final hearing, an injunction be entered enjoining the defendants from engaging in the installment loan business in this state in the manner set forth or in any other manner which is violative of the laws of this state.

The trial court issued a temporary restraining order on the date the petition was filed, restraining the defendants from removing any of their records, files, papers, documents, notes, mortgages, and other assets of every kind and description pertaining to the business of defendants and further restraining the defendants from the making of loans at unlawful and usurious rates and from collecting or attempting to collect any such loans theretofore made. On July 15, 1955, upon a showing and finding that defendants were violating the restraining order, the trial court granted an order impounding the records and assets of the corporation and directed the sheriff of Douglas County to take possession thereof. The sheriff executed the order and took possession of the property. On July 18, 1955, defendants made application for the return of the books, records, and documents impounded, and for a dissolution of the temporary restraining order restraining defendants from collecting or attempting to collect the unlawful and void loans described in plaintiff's petition. The trial court without a formal hearing entered an order on July 19, 1955, dis-

solving the temporary restraining order, except the part thereof restraining the defendants from removing their records, files, papers, documents, notes, mortgages, and other evidences of indebtedness. The dissolution of the latter was conditioned upon the defendant corporation filing a good and a sufficient corporate surety bond in the penal sum of $1,000,000, conditioned that such books, records, and documents would not be removed from the jurisdiction of the court. Such a surety bond was given. Before any hearing was held on plaintiff's application for a temporary injunction and the appointment of a receiver, the trial court sustained a demurrer to plaintiff's amended petition and, upon plaintiff's election not to plead further, dismissed the action. Plaintiff has appealed.

It is the contention of the defendants that the injunction order entered by the trial court was a temporary injunction which was kept in force by plaintiff's appeal. We point out that no hearing was ever held on the application for a temporary injunction. The defendants were successful in having such a hearing continued from time to time until the trial court entered its dismissal of the action on the ground that plaintiff's amended petition did not state a cause of action. The order finally entered had the effect of temporarily restraining the removal of the records, files, papers, documents, notes, mortgages, and other evidences of indebtedness from the jurisdiction of the court, and nothing more. The temporary restraining order was dissolved and was not superseded and kept in force by plaintiff's appeal. The dissolution of a temporary restraining order cannot be superseded. State ex rel. Plattsmouth Telephone Co. v. Baker, 62 Neb. 840, 88 N. W. 124; Harbin v. Love, 119 Neb. 76, 227 N. W. 145. There is no order of the district court in effect restraining the defendants from removing any of its property from the jurisdiction of the court, or from collecting or attempting to collect its loans, notes, and mortgages, or from receiving any of the proceeds of

the loans described in plaintiff's amended petition. The bond given, consequently, did not protect the state from any acts of the defendants after the dismissal of the action by the district court.

On December 3, 1955, the Attorney General made application to this court for a restraining order, temporarily restraining the defendants from collecting or attempting to collect the unlawful and void loans described in the amended petition, and for a further order impounding all the books, records, files, papers, notes, mortgages, and other documents pertaining to the loan business of the defendants pending the appeal. After an examination of the pleadings in the case and the orders theretofore made, and a consideration of the affidavits attached to the application, this court issued a temporary restraining order as prayed, and impounded the books, records, files, papers, notes, mortgages, and other documents pertaining to the business of the defendants, and appointed a receiver to take possession of the property impounded, with all authority generally imposed upon a receiver or as contained in the orders of this court, said appointment being conditioned upon the designated receiver posting a bond of $100,000 to be approved by the Clerk of the Supreme Court.

It is the contention of the defendants that the court acted beyond its power and authority in entering the orders without giving notice to the defendants. This contention is based largely upon the assertion that the order granted was a temporary injunction and not a temporary restraining order. The order contemplates, in the form in which it was drawn, that defendants be restrained and enjoined from performing the acts therein set out until the application for a temporary injunction can be heard when the appeal is heard on its merits. Whether or not a further hearing is contemplated on an application for a temporary injunction is generally considered to be the primary difference between a temporary restraining order and a temporary injunction. The

order granted shows on its face that it is to be in force pending a hearing of the appeal on the merits of plaintiff's prayer for a temporary injunction, or until the further order of the court. State ex rel. Minden-Edison Light & Power Co. v. Dungan, 89 Neb. 738, 132 N. W. 305. In State ex rel. Keefe v. Graves, 82 Neb. 282, 117 N. W. 717, the court stated in the syllabus: " 'A restraining order is in aid only, and not a part of the main action. Its office is only to hold matters in statu quo for the time being, and until parties can be heard as to the propriety of issuing a temporary injunction.' Trester v. Pike, 60 Neb. 510." In Harbin v. Love, *supra,* this court said: "The plaintiff contends that the temporary order granted in this case amounted to a temporary injunction. He contends that a temporary restraining order contemplates a hearing as to whether it will be supplanted by a temporary injunction. * * * Whether an order is a restraining order or a temporary injunction must be determined from its form and substance. 32 C. J. 28. Tested by this rule, the form and substance indicates that this was a temporary restraining order. If the order had restrained defendants absolutely without providing for a hearing upon the application, it would have been an injunction and not a temporary restraining order. State v. Dungan, 89 Neb. 738; State v. Graves, supra. The order in this case did provide for a hearing and did not operate as a temporary injunction * * *." Such is the situation in the present case. The order purports to hold the subject of the action in statu quo until the merits of plaintiff's claim to a temporary injunction can be heard de novo on the appeal. The order was a temporary restraining order as distinguished from a temporary injunction.

The power of this court to grant injunctive relief to protect the subject matter of an appeal and preserve the statu quo of the parties, where the judgment finally rendered would otherwise be ineffectual and moot, was recognized in State ex rel. Phoenix Loan Co. v. Marsh,

139 Neb. 290, 297 N. W. 551, 133 A. L. R. 1101. In the foregoing case the court said: "We think the case before us is one which warrants the protective action of this court. Unless a restraining order be issued, the property of relator will be irreparably damaged and imperiled, and any relief obtained by the appeal would be ineffectual and moot. The rights of the respondent can be protected by a bond, properly conditioned and ample in amount. While it is true that the issuance of a restraining order pending an appeal to protect or enforce the jurisdiction of the court, or to protect the status quo of the parties to prevent irreparable pecuniary damage, should be sparingly used, yet in a proper case if the purposes of justice require it and the means are at hand to fairly protect the appellee, such powers of the court should be exercised to make the appeal effectual."

In the present case, defendants filed a general demurrer to the amended petition in the district court and thereby admitted all well-pleaded and pertinent facts. For the purposes of this appeal the question is whether or not such facts constitute a violation of applicable statutes. There appears in the transcript an affidavit of George W. Omacht, a vice president of the defendant corporation, supporting the motion of defendants for a dissolution of the restraining order issued by the trial court, in which it is stated: "That the debts in the remainder of said accounts consisting of about 170 in number and totaling approximately $219,000.00 likewise arose from time sales of motor vehicles made by automobile dealers to retail buyers which obligations were purchased by this defendant from such automobile dealers. Such transactions when purchased by this defendant were likewise free from interest charge or usury under the case of Grand Island Finance v. Fowler. But after this defendant acquired said last mentioned receivables and prior hereto at the request of said debtors, the defendant agreed to forbear collection of said debts as

contracted and extended the time of payment thereof, and charged for such forbearances sums in excess of 9% per annum interest which total excesses are in the aggregate amount of approximately $20,000.00; that the total interest charge on all of said forbearances including the allowable and the excess charges, was approximately $48,000.00.

"That upon the filing of this suit this defendant began a review of its accounts and concluded that because of its said overcharges of interest in the approximate amount of $20,000.00 for the forbearances on the said 170 accounts, it was not entitled to collect under the law of Nebraska (Sec. 45-105) any interest whatever from the date of such forbearances; that thereupon it began making offers to said debtors to contract with each of them to credit each such debt with the amount of all interest contracted for from the date of such forbearance to the date of such credit and interest thereafter at the rate of 9% simple; that by so doing, defendant was attempting to show the Court that in good faith it was voluntarily purging such forbearance from any possible question of usury." We point out that the violations mentioned cannot be purged by a credit or waiver of interest. If such exactions of interest are usurious, the whole obligation is void and uncollectable under applicable statutes. §§ 45-128, 45-155, R. R. S. 1943.

From this evidence appearing in the record, together with the allegations of fact appearing in the amended petition admitted by the demurrer to be true, and the allegations of the Attorney General in his application for a restraining order and the appointment of a receiver pending the hearing of the appeal on its merits, and the affidavits filed in support of such application, this court concluded that the case was one warranting the issuance of a temporary restraining order and the appointment of a receiver to protect the subject matter of the litigation pending the outcome of the appeal. The showing was adequate to warrant the issuance of the tem-

porary restraining order, the order impounding the books, records, notes, and mortgages of the defendant corporation, and the appointment of a receiver to conserve such property for the protection of the state, the defendants, and the debtors of the defendant corporation.

The defendants further contend that the appointment of a receiver without notice was beyond the power and authority of the court. We do not concur in this view. This court clearly has the power, in a proper case, to appoint a receiver ex parte. 45 Am. Jur., Receivers, §§ 89, 90, p. 81; 75 C. J. S., Receivers, § 37, p. 698. The question before us is whether or not a proper case has been presented to warrant the appointment of a receiver ex parte. We point out that the records and assets of the defendant corporation have been impounded and are presently in the possession of the sheriff of Douglas County. Unless they are placed in the possession of one with authority to conduct the business of the corporation, irreparable loss would result to the successful party to the litigation. Ordinarily the right to a temporary restraining order ex parte would obviate the necessity for an interim receiver. But such is not the case here. The impounding of the records and assets of the corporation without an interim receiver would cause great loss in value to the type of assets constituting the subject matter of this action. The appointment of an interim receiver is an act of imperative necessity to prevent irreparable loss. The necessity was immediate. We point out that the defendants violated the restraining order issued by the district court of Douglas County. We have no assurance that the attitude of these defendants toward lawful court orders is any different now than it was at that time. In order to preserve the assets of the corporation pending the appeal, it appears necessary, as this court has found, to exercise its inherent powers in such a manner as to properly effectuate the orders of this court. The appointment of a receiver pending the appeal is ancillary to the re-

straining order and the impounding of the records and assets of the corporation. On December 6, 1955, a hearing was had at the instance of the defendants on the validity of the order appointing a receiver before that order became effective. We think, after hearing arguments thereon, that the order was a proper one under all the circumstances of this case. The clerk of this court should approve the bond of the receiver if it be a good and sufficient one, meeting the requirements of the order of this court appointing such receiver.

We recognize the fact that the issuance of temporary restraining orders, orders impounding property, and the appointment of an interim receiver, without notice and hearing, is summary in its nature, involving the extraordinary powers of the court, and should be exercised with the greatest of caution. Because of the serious impact of such orders the situation will be alleviated to the fullest extent possible by this court by affording prompt hearings on preliminary matters properly presented for the consideration of the court.

For the reasons stated, the motion to dissolve the temporary restraining order is overruled. The motion for an order directing the clerk to withhold approval of the receiver's bond is likewise overruled.

MOTIONS OVERRULED.