JOPLIN GAS COMPANY, Appellant, v. CITY OF
JOPLIN, Respondent.

Springfield Court of Appeals, June 16, 1914.

1. **INJUNCTIONS: Damages on Injunction Bond: When Attorneys' Fees Allowed.** Concerning the assessment of counsel fees as damages on an injunction bond, the test is: If the counsel fees are necessarily incurred in procuring the dissolution of the injunction, whether that is the sole relief sought by the action or not, they should be allowed; but if the injunction is only ancillary and the liability for counsel fees is incurred in defending the action generally, the dissolution of the injunction being only incidental to that result, such fees cannot be recovered.

2. ———: ———: **What Included in.** Where the injunction is only ancillary to the main case and there is a separate trial on the motion to dissolve, evidence may be introduced and costs incurred which are also pertinent to the merits of the case; but that is no objection to the allowance of same as damages for procuring a dissolution of the injunction.

3. ———: **Trial Court's Discretion: May Hear Motion to Dissolve and Case on Merits at Same Time.** A trial court in its discertion may try the motion to dissolve an injunction and the case on its merits at one hearing.

4. ———: **Hearing Motion to Dissolve and Case on Merits Together: Elements of Damage.** Where the trial court in its discretion hears together the motion to dissolve an injunction and the case on its merits, such action on the part of the trial court does not make the trial one on the merits of the case with the injunction as purely incidental, to such an extent as to prevent any expenses of the trial being assessed as damages on the bond.

5. ———: ———: **What Assessed as Damages on Bond.** Where an action was brought under sec. 9569, R. S. 1909, to test the validity of an ordinance which fixed the rate which plaintiff company might charge for gas, a temporary injunction was granted. A hearing together on the motion to dissolve and on the merits was not a separate trial on the motion to dissolve with the merits purely incidental. A division of the expenses of the trial should be made and only such as properly pertain to the dissolution of the injunction should be assessed as damages on the bond.

6. ———: ———: **Damages: Division of Expenses.** Where a
motion to dissolve a temporary injunction and the merits of
the case are heard together, the fact that it is difficult to
discriminate and divide the expenses with absolute precision
does not prevent the same being done as far as possible.

Appeal from Jasper County Circuit Court, Division
No. One.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*Spencer, Grayston & Spencer* for appellant.

(1) Where services of counsel are not exclusively
required to obtain dissolution of injunction but are
necessarily rendered upon another branch of the case
and the injunction is permitted to stand until final
disposition of the case, such expenses are not recover-
able, as damages, on the injunction bond. Wilson v.
Haecher, 85 Ill. 349; Blair v. Reading, 99 Ill. 600;
Moriarty v. Galt, 125 Ill. 417, 17 N. E. 714; 16 L. R. A.
(N. S.) 64 note; 33 L. R. A. (N. S.) 844, Supplemental
Note; Alaska Improvement Co. v. Hirsch, 119 Calif.
249, 47 Pac. 124, 51 Pac. 340; Collins v. Huffman, 48
Wash. 184, 43 Pac. 220. (2) To justify allowance of
attorney fees in case where injunction is ancillary it
must appear that counsel made all reasonable and
proper efforts to obtain the dissolution of the injunc-
tion and had failed, so that the trial of the action was
necessary to get rid of the preliminary injunction.
Youngs v. McDonald, 56 App. Div. 14, 67 N. Y. Supp.
375, 378-379. Affirmed in 166 N. Y. 639, 60 N. E. 1123;
Lee Lumber Co. v. Hotard, 122 La. 850, 48 So. 286, 129
Am. St. Rep. 372. (3) Where counsel fees and per-
sonal expenses are sought to be recovered as damages
on injunction bond, it is encumbent on the party seek-
ing to recover same to show: 1. That injunction was
the sole relief to which the suit pertained; or, 2. That
the fees and expenses were paid out solely for the
purpose of procuring a dissolution of the injunction

as distinguished from expenditures for the hearing of the principal issues involved in the case. State ex rel. Tully v. Taylor (W. Va.), 68 S. E. 379. (4) The injunction was ancillary to the main issue in this case. The prayer for injunction and the allegations specially pertaining to that feature could be stricken out of the petition and there would still be left a case calling for a determination of the reasonableness of the rate and the validity of the ordinances. Railroad v. Whitney, 143 Ia. 506, 121 N. W. 1044; R. S. 1909, Sec. 9569; Brown v. Baldwin, 121 Mo. 126; Banking Co. v. Monarch Co., 68 Mo. App. 603; Hammerslough v. Loan & Saving's Assn., 79 Mo. 80. (5) Where the testimony gives no data by which the appellate court can safely and certainly estimate allowable fees and separate them from the erroneous mass, the case must be remanded. Commission Co. v. Spencer, 236 Mo. 608; 29 Am. & Eng. Anno. Cases 923, Note.

*R. A. Pearson* and *C. H. Montgomery* for respondent.

(1) Decisions of other States under different statutes have no force against decisions of appellate courts of this State. Commission Co. v. Spencer, 236 Mo. 630. (2) The court made no allowance for anything except services rendered in defeating the injunction. A defendant has a right to have his motion to dissolve first passed upon separate from the case on the merits, and is entitled to an appeal from that decision. State ex rel. v. Smith, 188 Mo. 173. (3) Even if payment had not been made, the result would have been the same. The city accepted the benefit of the services of the attorney and experts and was therefore estopped to deny the bill. Also ratified the contracts by passing an ordinance and issuing warrants to pay the same. Edwards v. Kirkwood, 147 Mo. App. 600; Union Depot Co. v. St. Louis, 76 Mo. 395; Rail-

road v. Marion Co., 36 Mo. 295; 2 Smith on Modern Law Munic. Corp., Sec. 1670, p. 1756; State v. Dent, 18 Mo. 313; Simpson v. Stoddard, 173 Mo. 465. (4) Even though the motion to dissolve and the case on the merits were tried together still the action of the court was without error. A dissolution of the injunction involved a trial of the whole case, and the allowance was proper. Hammerslough v. Building Assn., 79 Mo. 81; Holloway v. Holloway, 103 Mo. 285; Alliance Trust Co. v. Stewart, 115 Mo. 245; Akin v. Rice, 137 Mo. App. 155; Brownlee v. Fenwick, 103 Mo. 430.

STURGIS, J.—This is a proceeding under section 2524, Revised Statutes 1909, to assess damages on an injunction bond wherein defendant prevailed and plaintiff has appealed. The original action, wherein a temporary restraining order was granted, was brought under section 9569, Revised Statutes 1909, authorizing persons and corporations, feeling themselves aggrieved, to bring an action to test the validity of ordinances enacted by cities fixing the rates to be charged by public service corporations, or other owners, operating public utilities under franchises or otherwise, including those supplying the inhabitants of cities with gas, electricity, heat or power, and to determine the reasonableness of the rates so fixed. The plaintiff is a distributing corporation only, receiving the natural gas furnished to its patrons from another corporation having pipe-line connection with the distant gas fields and wells constituting the source of supply. The burden of plaintiff's complaint in the original suit is that the ordinance in question, enacted by the city of Joplin, required it to furnish natural gas to the consumers at a less rate than was possible for it to purchase same from any company bringing gas to or near Joplin from the source of supply. The original suit is primarily one to determine the validity of the ordinance fixing rates and the reasonableness

of such rates, and, when first filed, no temporary restraining order was asked or granted. Some time later the city of Joplin was proceeding to enforce the ordinance rates without waiting for a decision of the court and plaintiff asked for, gave bond, and a temporary restraining order was granted. The defendant filed an answer and a motion to dissolve the injunction on the following grounds: "1. There is no equity on the face of the bill filed by complainant herein. 2. All the material allegations of said bill are denied under oath by the defendant in its answer. 3. That it clearly appears by said bill and answer that the said plaintiff has no franchise, license or authority of any kind whatsoever to vend or furnish natural gas in said city, and the granting of an injunction to plaintiff under such circumstances in this action, would in effect be granting plaintiff a franchise to use defendant's streets without limiting such use by proper regulations and would be the granting of an unlimited franchise by judicial legislation, a thing which this court has no power to do. 4. That this is a special statutory proceeding and that the granting of an injunction is not a part of the remedy allowed or contemplated by such statute." It will be seen that this motion to dissolve raises issues of both law and fact.

After consultation with the attorneys for the respective parties, the court set the case for hearing on a day certain. When the case was called for hearing a controversy arose as to whether the case had been set, with the attorneys' consent, for hearing on the motion to dissolve only or on the whole case. Mr. Montgomery, the special counsel for the defendant, was insisting that only the motion to dissolve was for hearing and when asked by the court if that would dispose of the whole matter, replied: "No; that is ancillary to this proceeding. The case itself, as I understand it, is not set down for trial, it is simply the motion to dissolve we are trying now;" and the Court replied,

"I don't want to try it twice." There was some fur-
ther discussion of this matter and especially as to the
effect which a ruling, expected to be soon made by
Judge Pollock in the Federal Court in Kansas as to
rates to be charged by the company from which the
plaintiff was getting its supply of gas, might have and
the importance of having such expected decision in evi-
dence when made. The court then ruled: "As far as
the court is concerned, I am ready to hear this whole
case and get rid of it. I don't know that I will decide
it now. When you get through with it there may be
questions about what orders will be made hereafter
in the Federal Court or the State Court in Kansas
with reference to the price the Kansas Natural Gas
Company shall charge. Those things you may not be
ready to prove now, they may have to wait. Anything
else I want to get through with, all the other testimony
at least. Mr. Spencer: The Court is trying the case
and the motion to-day, I believe. The Court: Yes, sir;
the case and the motion together. That is the usual
practice and I think the proper practice. I will hear
all the testimony you have now, that is, all you have
to offer. The court will hear it. Later, so far as the
court is concerned, the court will dispose of it. Get in
what testimony you have and if you have to wait for
other, that will come in later." This was at the Jan-
uary Term, 1913, and the evidence was heard early
in March of that year, consuming several days. At
the close of this evidence, the question of hearing fur-
ther evidence and arguments came up and the defend-
ant urged that the case be not finally disposed of until
after Judge Pollock made his orders in the Federal
Court, and the whole matter was continued to the April
Term under this ruling by the Court: "I will not
leave it open except this: If either party at the April
term of court wants to introduce further testimony
and makes a request, of course, the court has the power
to grant it and then the other side will be given notice

of what may be expected and can prepare to get testimony to meet it."

Thereafter, on May 31, 1913, at the April term of court, the plaintiff dismissed its suit and a final judgment was entered discharging the defendant with recovery of costs. The motion to assess damages on the injunction bond, which is the subject-matter of this appeal, was then filed. On the hearing of this motion, the question was again raised as to whether the court had tried the case on the motion to dissolve alone or on the merits, and the court stated his own view of the matter thus: "That is my recollection about it, that the motion to dissolve and the case was all heard here. If it had not been dismissed and the court had been called upon to pass on it, the court would have passed on both on the testimony that was introduced. I don't think it was the intention or understanding of the court or the attorneys on either side that we were here trying this case and hearing all that testimony introduced here on the merits and then that we would later introduce testimony and have another hearing on the motion to dissolve. I think the whole thing was being tried together. I thing that was the understanding of all parties concerned."

The defendant proved that it had paid C. H. Montgomery, as special counsel, for his work in connection with the case the sum of $500, having employed him under the following resolution: "That in the effort and actions of the Joplin Gas Company to establish rates for service in excess of those fixed by ordinance, the mayor be authorized to take such measures and institute such actions as may be proper to sustain said ordinances and prevent the imposition of excessive charges and abuse of the rights and privileges of such service; and that he be authorized to execute necessary bonds in aid of litigation in the premises, and to engage necessary sureties therefore, and employ additional counsel in the extra litigation

occasioned the city;'' also that it had paid the Squires Electric & Construction Company the sum of $1375.95, for work done under the following resolution: ''That the Mayor be and is hereby authorized to employ a suitable skilled accountant for the purpose of investigating books, tabulations and accounts and a person of suitable skill for inspecting and estimating pipe lines and gas improvements for the purposes of the litigations in which the city is now engaged involving gas rates.'' Some details of the work done for which these charges were made were put in evidence and the reasonableness of the charges was testified to. It was shown that the work done by the Squires Company was to examine, inventory and appraise the property of plaintiff and furnish expert evidence at the trial of the case. Mr. Squires testified that this was done ''purely from a rate-making standpoint,'' and for the purpose and with the view of determining the reasonableness of the rates fixed and charged; that ''the work that was done on the books was all done for the same purpose, the question of determining the earnings and expenses and all with a view to forming an opinion as to the rates.'' It was also shown that Mr. Montgomery was employed just after the temporary injunction was granted as special counsel for the city and that, in connection with the city counselor, he conducted the litigation for the city until its termination. He testified that he gave his time and services exclusively to obtaining a dissolution of the temporary injunction.

The plaintiff asked and the court refused to declare the law to the effect that if the motion to dissolve and the case on the merits, as to the validity of the ordinance and reasonableness of the rates, were tried together and the expert evidence charged for was directed and pertinent to the issues of the main case and went to the motion to dissolve only to the extent that such would result from a decision on the merits,

then such expense is not a proper element of damages to be assessed on the bond; also, that if defendant waived a separate hearing on the motion to dissolve and agreed to try such motion and the case on the merits together, then only such part of the attorney's fees as is referable to the attempt to secure a dissolution of the injunction can be assessed as damages. The trial court thereupon rendered judgment on the bond for the full amount of these items, to-wit, $500 for attorney's fees and $1375.95, for expert examination and valuation of plaintiff's property.

The plaintiff contends that the trial court erred in assessing as damages on the injunction bond expenses incurred and properly referable to the trial of the case on the merits. This is the only point urged here for our consideration. This is not a new question in this State and the law is well settled. The whole difficulty is in its application to the facts of the particular case. The rule stated in the standard work of High on Injunctions is the law of this State, as follows: "And the true test with regard to the allowance of counsel fees as damages would seem to be, that if they are necessarily incurred in procuring the dissolution of the injunction, when that is the sole relief sought by the action, they may be recovered; but if the injunction is only ancillary to the principal object of the action and the liability for counsel fees is incurred in defending the action generally, the dissolution of the injunction being only incidental to that result, then such fees can not be recovered." [2 High on Injunctions (3 Ed.), sec. 1686.] "It is improper to allow as damages counsel fees for the expense incurred in trying the entire cause, irrespective of the injunction, and the fees should be limited to such as pertain to the dissolution." [Idem, Sec. 1688.] This has been quoted as being the law of this State many times.

Following this rule, our courts have several times
declared the law to be that where the injunction is
ancillary only, as it is in this case, and the case is
tried on the merits and the injunction dissolved because
plaintiff fails to sustain his action, then no damages
can be allowed for dissolving the injunction, because
whatever expenses were incurred pertain to the trial
on the merits. In Banking Co. v. Monarch Co., 68
Mo. App. 603, 607, the court, after quoting from High
on Injunctions, supra, denied the allowance of attor-
neys' fees on the ground that: "There was nothing
done looking to the dissolution of the injunction, ex-
cept as it would incidentally follow from a defeat of
the main case." Anderson v. Anderson, 55 Mo. App.
268, is a suit for alimony, where an ancillary injunc-
tion was granted restraining defendant from disposing
of his property pending the suit. Plaintiff failed in
her suit for alimony and the injunction was dissolved.
The court denied any damages on the injunction bond
because the attorney's fees asked for accrued in liti-
gating the question of defendant's liability for ali-
mony, but, after quoting the rule stated in High on
Injunctions, supra, the court said: "We don't wish
to be understood that where there is an ancillary in-
junction sued out of the main case, there can be no
attorneys' fees allowed as damages in the dissolution
thereof. But we hold, as was declared in Behrens v.
McKenzie, 23 Iowa, 333, 'that while reasonable com-
pensation for legal services in procuring a release
of the injunction might be recovered as damages on
the bond, but that this would not allow attorneys'
fees for defending the entire action, but alone for pro-
curing the dissolution of the writ or releasing the prop-
erty from its operation; and this is as far as we think
the rule should go." In Baking Powder Co. v. Bak-
ing Powder Co., 82 Mo. 19, 23, where the injunction
was dissolved on motion because the petition was held
not to state a cause of action, the court allowed an

attorneys' fee for procuring its dissolution but refused any expenses incurred for witnesses and depositions, as such items pertain to the merits of the case.

On the other hand, where the injunction is the only remedy sought—"the very life of the bill"—and its perpetuation or dissolution is the only matter to be litigated, then the whole case is tried as on a motion to dissolve, whether one is actually filed or not, and all the expenses incurred for attorneys' fees, etc., are properly assessed as damages for procuring a dissolution of the injunction. [Elliott v. Railroad, 77 Mo. App. 653, 664; Hammerslough v. Building & Loan Association, 79 Mo. 80; Alliance Trust Co. v. Stewart, 115 Mo. 236, 21 S. W. 793; Akin v. Rice, 137 Mo. App. 147, 117 S. W. 655. See editorial notes in 33 L. R. A. (N. S.) 844, and 16 L. R. A. (N. S.) 64.]

Where the injunction is only ancillary to the main case and there is a separate trial on the motion to dissolve, evidence may be introduced and costs incurred which are also pertinent to the merits of the case; but that is no objection to the allowance of same as damages for procuring the dissolution of the injunction.

There is no doubt but that in the present case the trial court refused to permit a separate trial on the motion to dissolve and, whether defendant consented or not, the motion to dissolve and the case on the merits were tried together and the court heard all the evidence offered, whether applicable to one, or the other, or both.

The defendant claims that the court had no power to do this against its consent; that a separate trial on the motion to dissolve is a matter of right, and cites State ex rel. v. Smith, 188 Mo. 167, 86 S. W. 867, as holding that, "the defendant has a right to have his motion to dissolve first passed upon separate from the case on the merits." We do not find that case so holding. In that case there was a separate trial

on the motion to dissolve and from an order dissolving the injunction an appeal was prosecuted. The Court of Appeals undertook not only to reverse the action of the trial court in dissolving the injunction, which matter alone was before it on the appeal, but directed a general judgment for plaintiff on the merits. The Supreme Court on *certiorari* held that the Court of Appeals had jurisdiction on the appeal only of the order dissolving the injunction and, as the trial court had not tried the case on the merits, the appellate court could not pass on or direct a judgment on the merits. We find nothing in that case holding that a trial court must afford defendant a separate trial on the motion to dissolve. We hold that it was entirely proper for the trial court, in its discretion, to try the motion to dissolve and the case on the merits together at one hearing.

In so holding, however, we do not think the court's action in hearing the two together made the trial so essentially a trial on the merits of the case, with the injunction as purely incidental, as to prevent any expenses of the trial being assessed as damages on the bond. The court did not so hold in Wallace v. York, 45 Iowa, 81, but said: "The motion could not be determined without an inquiry into the merits, and in this respect the case is identical with Andrews v. Glenville Woolen Co., 50 N. Y. 282. It was right and proper to file the motion to dissolve, and make preparation to sustain it by affidavits, and if done in good faith for the purpose of procuring a dissolution, and the court declined to hear it, we are of the opinion, for the services of counsel in the preparation of the motion, separate and apart from the fees of the counsel in the preparation and trial of the main action, there may be a recovery in this action."

Nor was the trial, as contended by defendant, a separate trial on the motion to dissolve, with the mer-

its purely incidental, so as to necessitate the taxing as damages on the bond all the necessary fees and expenses of defendant incident to such trial. This seems to have been the view of the trial court from the instructions refused and the allowance of the full amount expended by defendant. We think this is a proper case where a division of the expenses of the trial could be made, and only such as properly pertain to the dissolution of the injunction be assessed as damages on the bond. [Holloway v. Holloway, 103 Mo. 274, 285, 15 S. W. 536.] This seems to have been done in Brownlee v. Fenwick, 103 Mo. 420, 432, 15 S. W. 611, and Brown v. Baldwin, 121 Mo. 126, 136, 25 S. W. 863. The fact that it is difficult to discriminate and that no division of the expenses can be made with exact nicety does not prevent the same being done as best it may. [Akin v. Rice, 137 Mo. App. 147, 156, 117 S. W. 655.] We do not hold that all the charge of $500 for attorney's fees, paid to the special attorney, might not under the evidence be properly allowed as pertaining to the dissolution of the injunction, but, as to the expenses paid experts in valuing plaintiff's property, we hold that the court tried this case on the wrong theory in holding that such expenses should be allowed, although the same "was directed to and pertain to the issue as to the reasonableness of the rates and none of such evidence went to the matter of dissolving the injunction, except so far as might result from a decision on the merits."

The case will, therefore, be reversed and remanded.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.