THE STATE ex rel. AMERICAN BANKERS ASSURANCE COMPANY et al. v. EUGENE McQUILLIN, Judge.

**In Banc, July 2, 1914.**

1. **INJUNCTION: No Bond: Jurisdiction.** A circuit judge is forbidden by statute to issue a temporary writ of injunction until a sufficient bond is executed; and a preliminary writ of injunction issued without bond is inoperative and disobedience to its commands is not a contempt.

2. ———: ———: **Stay Order.** Under certain conditions and in order to preserve the *status*, the circuit judge, without issuing a temporary injunction, may make an order requiring

respondent to show cause at a specified time and place why a temporary writ should not be granted, and in aid thereof may restrain said respondent by an *ad interim* order until the day set for the hearing of the application for the writ; but whether or not a bond should be required, as a condition for the making of such stay order, is left to the sound discretion of the judge. But where there is no such stay order, the granting of a temporary injunction, without bond, is not authorized.

3. **RECEIVER: In Vacation.** Under certain conditions, such as to prevent irreparable injury or the defeat of justice, a circuit judge has power in vacation to appoint a receiver in either a legal or equitable proceeding—but only after due notice or upon such conditions as will secure a prompt hearing of the right to make and continue the appointment.

4. ———: ———: **Prohibition.** If the circuit court has jurisdiction of the parties and subject-matter, a writ of prohibition requiring the court to revoke the appointment of a receiver, should not issue pending the consideration of a timely rule to show cause why the appointment should not stand; since an opportunity should be given said court to make a ruling within its jurisdiction.

5. ———: **To Prevent Waste: Corporation.** By the rules of equity and under the statutes the stockholders of a corporation have the right to maintain an action, for the benefit of the corporation, to recover assets wasted or fraudulently appropriated to themselves by its officers, in case of the refusal of the directors to institute such suit.

6. ———: ———: **Petition.** And a petition of stockholders whose reasonable intendment is to obtain the appointment of a receiver to recover assets wasted or fraudulently appropriated, will be sufficient to give the court jurisdiction, although lacking in definiteness or precision of statement.

7. ———: **Company Organized in Another State.** If a proceeding has been brought against a corporation in the State of its franchise to administer its assets, the proceedings in this State, where it has not been licensed to do business but has its principal office, must be conducted under the auspices of and as auxiliary to the receiver appointed by its home State and where the bulk of its assets is located.

8. ———: ———: **Foreign Receiver Made Party.** A receiver appointed by the State of the corporation's domicile cannot as a matter of legal right demand to be made a party to an action brought by its resident stockholders to have a receiver appointed to recover wasted assets, yet such a substitution is authorized upon principles of comity.

State ex rel. v. McQuillin.

9. ————: **Injunction: No Bond: Writ of Prohibition.** The circuit judge, in vacation, upon the presentation of a petition by resident stockholders of a foreign insurance company, which was not licensed to do business in this State but whose principal business office was here, charging a waste of its domestic assets by its officers and a fraudulent appropriation thereof, and praying for an injunction and the appointment of a receiver, without requiring a bond or notice, issued a temporary writ of injunction, and appointed a receiver (requiring him to give bond) and a commissioner to take testimony, and thereupon the plaintiffs petitioned the court to rule defendants (the company and its officers) to show cause why the appointment of the receiver should not stand, which was accordingly done and a day set for the hearing; and pending that order, defendants applied for and received a writ of prohibition directed to said circuit judge, requiring him to show cause for the further exercise of jurisdiction in the case. *Held*, that the court had jurisdiction over the matter of appointing a receiver, and there is no showing of an abuse of jurisdiction, and the writ is quashed, and the proceedings dismissed.

## Prohibition.

WRIT DENIED.

*T. E. Francis* and *Arthur N. Sager* for relators.

(1) A court of equity has no jurisdiction or authority to appoint a receiver for a foreign corporation unless in aid of or ancillary to a receiver appointed in the State of the corporation's domicile. Sidway v. Land Co., 101 Fed. 481; State ex rel. v. Denton, 229 Mo. 187; Condon v. Association, 44 L. R. A. 149; Taylor v. Association, 45 L. R. A. (Md.) 621; Wilkins v. Thorne, 60 Md. 253; Leary v. Columbia Co., 82 Fed. 775. (2) Respondent, as judge of the circuit court, had no jurisdiction or authority to appoint a receiver for the American Bankers' Assurance Company, in vacation, without notice to the relators (defendants in the proceeding before him), or to issue a rule returnable before him to show why the appointment should not be continued. State ex rel. v. Dearing, 184 Mo. 647; State ex rel. v. Woodson, 161 Mo. 444; Ress v. An-

drews, 169 Mo. 189; 17 Ency. Pl. & Pr. 683, 719. (3)
The filing of an injunction bond as required by the
statute is jurisdictional and the failure of respondent
judge to require such a bond to be filed rendered his
orders and injunction null and void. Sec. 2522, R. S.
1909; State ex rel. v. Williams, 221 Mo. 227; St. Louis
v. Gas Light Co., 82 Mo. 353. (4) The petition fails
to state a cause of action or ask for any relief to which
the appointment of a receiver was ancillary or to which
it might be an aid. It is an action solely for the ap-
pointment of a receiver, a proceeding which has no
place or part in our system of jurisprudence. Miller
Bros. v. Perkins, 154 Mo. 636. (5) The petition fails
to state facts sufficient to constitute a cause of action
or to warrant the order appointing a receiver and the
issuance of the restraining order or temporary injunc-
tion. State ex rel. v. Ross, 122 Mo. 425; 34 Cyc. 82;
State ex rel. v. Bank, 197 Mo. 574; State ex rel. v.
Dearing, 184 Mo. 663.

*John S. Leahy* and *Walter H. Saunders* for re-
spondents.

(1) Under the averments in this petition, a Mis-
souri court of equity clearly had jurisdiction to ap-
point a receiver for the assets of the American Assur-
ance Company in this State, with a view of preserving
the same for the benefit of its creditors and stockhold-
ers. 19 Cyc. 1238; Cook on Corporations (7 Ed.), sec.
734; Beale, Foreign Corporations, sec. 309; 3 Pomeroy,
Eq. Jur. (3 Ed.), sec. 1095. A bill in equity may be
maintained by a stockholder of a foreign corporation
against its president and resident directors to restrain
them from *ultra vires* acts, and to compel such direc-
tors to account for property of the corporation mis-
appropriated by them; this suit being in the nature
of a suit by the corporation itself against wrongdoers,
rather than the regulation of its internal affairs; and

the appointment of a receiver in such case might under some circumstances be justified. Richardson v. Trunk Co., 181 Mass. 580; Ernest v. Rutherford, 38 App. Div. (N. Y.) 391; Babcock v. Farwell, 245 Ill. 14; Voorhees v. Mason, 245 Ill. 256; Edwards v. Schillinger, 245 Ill. 231. Where an English corporation owning land in the United States sells a portion thereof located in Louisiana at one-seventh of its value, causing a loss to the corporation of over $2,000,000 and the board of directors refuses to take action, a stockholder may bring suit in Louisiana to set aside such sale and have a receiver appointed of assets in Louisiana. Watkins v. N. Amer. Co., 107 La. 107; State ex rel. v. Denton, 229 Mo. 187. The American Bankers' Assurance Company was incorporated in Delaware by three Missouri citizens and it immediately established its principal offices in this State, without, however, taking the trouble to comply with the laws of Missouri or to procure any license such as would authorize it to have any legal standing in this State. It might, therefore, be called a "tramp or migratory corporation," and the rules applicable to such corporations are very drastic. Corporations of this kind are liable to have a receiver appointed and even their assets distributed, in States where their actual though not nominal domicile is located. 19 Cyc. 1232, 1238. (2) The judge had the unquestioned power to appoint a receiver in vacation for the American Bankers Assurance Company without notice to the defendants and to issue a rule returnable before him in vacation to show why the appointment should not be continued. State ex rel. v. McQuillin, 256 Mo. 693. (3) The failure to file an injunction bond in this case is immaterial because: In a receivership case, the injunction is purely incidental and no bond is required. No effort was made to call this alleged defect to the attention of the trial court and to give him an opportunity to correct it. The appointment of the receiver made the injunction futile

except as to the Federal Trust Company, which is not a party relator here, and it is a general principle of law that no relief will be accorded to a party not complaining. (4) Prohibition should not issue until an opportunity has been given to the trial court to correct the error complained of. State ex rel. v. Williams, 221 Mo. 247.

## STATEMENT.

This writ of prohibition was directed to the respondent, Eugene McQuillin, circuit judge of the city of St. Louis, requiring him to show cause for the further exercise of jurisdiction of the petition in equity presented to him in vacation on the 31st day of July, 1911, and wherein on the same day he awarded a temporary injunction without bond and appointed a receiver without notice.

The petition on which these orders were made alleged in substance that the plaintiffs therein were fifteen resident shareholders of the American Bankers Assurance Company, a corporation created and organized in the State of Delaware in July, 1910, with charter powers to engage in contracts of insurance of every nature, to acquire all kinds of property, to make notes and bills of exchange, to execute bonds and mortgages with real estate or personal security; that the authorized capital stock of the corporation was $10,000,000, to be represented by shares of stock of the par value of one dollar each; that the three original incorporators, Landon, Christensen and Peters, all of St. Louis, subscribed for one hundred thousand in par value of the capital stock; that the company after its organization engaged in business in Delaware and certain other States, but did not take out any license to do business in Missouri, although its principal office and place of business was located in St. Louis.

The petition further alleges that defendants Landon, Rubey and Jones are the officers of said corporation and reside in Missouri; that defendants Rubey Trust Company and the Federal Trust Company are Missouri corporations and these persons and corporations, together with the American Bankers Assurance Company, are defendants to the action.

The petition further alleges that said officers fraudulently exchanged $200,000 of the assets of the American Bankers Assurance Company with the said Federal Trust Company, for about $200,000 of nominal-value bonds of the latter company which were secured by Washington county lands of little or no real value, that plaintiffs in said petition complained of this transaction without avail, and thereupon, through their attorney Christensen, gave information of these fraudulent matters to the Department of Insurance of the State of Delaware.

The petition further states that the individual defendants have practiced sundry and divers other frauds in dealing with the property of the American Bankers Assurance Company and that its licenses to do business in certain States have been revoked, and that the Attorney-General of Delaware, on July 29, 1911, began a suit in the Chancery Court of Delaware to close up the business of the American Bankers Assurance Company, and for the appointment of a receiver of its assets, and for an injunction to prevent the further prosecution of its business. The petition then prayed for an injunction and appointment of a receiver immediately and without notice and for an accounting by defendants Ruby, Landon, Jones and the Federal Trust Company.

The respondent as circuit judge, issued these orders prayed for and by his return to our writ alleged that in so doing he was acting within his rightful jurisdiction.

This court appointed a commissioner to take evidence who reported in May, 1914, a stipulation of facts by the parties to this proceeding which recited: First, the office of respondent as circuit judge and the issuance by him in chambers and without notice of a temporary injunction and appointment of a receiver; second, that the American Bankers Assurance Company was at all times a Delaware corporation; third, that relators Harry M. Rubey, A. C. Landon and I. B. Jones were stockholders of said corporation and its *de facto* vice-president, president, and treasurer at the times mentioned in said petition; fourth, that the principal office and place of business of said Delaware corporation on the 31st of July, 1911, and thereafter, was in the city of St. Louis, Missouri; fifth, that it was permissible under the laws of Delaware and by the charter of said company that meetings of its stockholders might be held within or without said State and that its by-laws provided for meetings of its stockholders for corporate purposes in the city of St. Louis, Missouri, in accordance with which a meeting was called in that city on the 9th day of August, 1911.

The stipulation of facts concludes, to-wit:

"6th. That prior to the making and promulgating of the order by respondent, Honorable Eugene McQuillin, purporting to appoint a receiver and to restrain and enjoin relators, neither plaintiffs nor any responsible person have ever signed any injunction bond and that the only bond that has been filed in said matter or proceeding is a bond given by said Chase L. Morsey, Esq., conditioned for the faithful discharge of the duties and functions of receiver.

"7th. That on July 31, 1911, the relator, the American Bankers Assurance Company, had assets in the State of Missouri amounting to about $60,000 in value, and that it has assets in the State of Delaware amounting to about $300,000, and that the assets of the company in the State of Missouri with all of its books then

located in said State came into possession of relator Chase L. Morsey, as receiver, which books were the principal books of said company.

"8th. That according to the books of the American Bankers Assurance Company, Relator Rubey had 819 shares of stock, Relator Landon 1000 shares and Relator Jones 2150 shares of stock of the American Bankers Assurance Company, but respondents object to this fact, on the ground that it is immaterial, irrelevant and incompetent and does not tend to establish or disprove any issue raised by the pleadings herein, and does not affect the question of the jurisdiction of the circuit court of the city of St. Louis.

"9th. That the petition in the circuit court was first presented to the Honorable Charles Claflin Allen, one of the judges of the said court, and that thereafter Judge Allen, being engaged in another matter and the respondent being anxious for action, the said petition was withdrawn from him, with his consent, and presented to the Honorable Eugene McQuillin, respondent herein.

"10th. That the petition for the rule to show cause and the order to show cause were filed in the circuit court of the city of St. Louis, Missouri, in the cause there pending on the 1st of August, 1911, and duly served on the date set out in respondents' return filed herein August 1, 1911. Said petition and said order being correctly copied in said returns.

"11th. That copies of the bill filed in the State of Delaware, in and for Kent county, with copies of exhibits attached thereto as they appear attached to the returns herein, are true copies and were filed on the dates shown on said copies.

"12th. That T. E. Francis, attorney for the relators herein, before filing said application for writ of prohibition herein, communicated with his correspondents at Wilmington and Dover, Delaware, and was informed that the Attorney-General of the State

of Delaware had not filed any proceeding in that State against the American Bankers Assurance Company.

"13th. It is agreed that certain papers marked Respondents' Exhibits 1, 2, 3, 4 and 5 are true copies of the proceedings and things which they purport to represent, but relators object to their reception in evidence on the ground that they are immaterial and irrelevant, that they do not tend to establish or disprove any issue raised by the pleadings herein and submitted to the commissioner.

"14th. The above stipulation, while admitting that certain facts are true, if held to be relevant, competent and material, is not intended to limit, or in any manner affect the right of either party to this litigation as to the other facts which should properly be considered as a matter of law before this court on the hearing hereof."

Upon the pleadings and foregoing facts the relator moved for judgment.

## OPINION.

BOND, J. (After stating the facts as above).—The writ of prohibition does not lie except for the lack of jurisdiction or excess of jurisdiction on the part of an inferior court.

In the matter in hand the applicants for the writ insist that respondent, one of the judges of the circuit court of the city of St. Louis, had no jurisdiction to award the injunction nor appoint the receiver on the petition submitted to him; and further, that no subject-matter of equitable cognizance was stated in the petition. These in order.

The right to grant a temporary or preliminary injunction (as one is called in equity jurisprudence which precedes a final decree) is forbidden by statute "until" a sufficient bond is executed "to the other party except in suits instituted by the State in its own behalf." [R.

S. 1909, sec. 2522; State ex rel. v. Williams, 221 Mo. l. c. 266-7, and cases cited; Davison v. Huff, 165 Mo. l. c. 578.] If such an injunction is issued without bond it is inoperative and disobedience to its commands is not a contempt. [Ex parte Miller, 129 Ala. 130; State ex rel. v. Greene, 48 Neb. 327; 2 High on Injunctions, sec. 1429.] Although a bond is indispensable to the rightful issuance of a temporary injunction (R. S. 1909, secs. 2515, 2522), and hence the respondent had no legal right to award that writ under the agreed facts, he would have been authorized, if the facts stated in the verified petition brought it within another section of the statute, to have made an order to show cause "at a specified time and place" why the tem. porary injunction should not be granted, and in the meantime he might have restrained the defendant by an *ad interim* order until the day set for the hearing of the application for the temporary injunction. The making of such an order is allowed in the interest of justice and to preserve the *"in statu quo ante bellum"* until the court can hear the application and determine whether upon the showing then made, its "temporary writ" should be granted.

The statute does not expressly require that such a stay order should not be made without a bond (R. S. 1909, sec. 2522); it leaves that question to the enlightened discretion of the chancellor, who should, however, require a bond unless it is apparent that no injury would accrue in the brief interval before the hearing of the motion for an injunction or unless the extraordinary circumstances of the case make it necessary to dispense with it until the hearing of the motion. His discretion in this matter should be moved only by the exigencies of the case—just as it may be appealed to in dispensing with notice of the application for injunction in certain cases where the statute makes no provision. [State v. Woodside, 254 Mo. 580.]

In the case in hand the learned respondent did not issue a stay order to preserve the existing condition of affairs until he could hear the application for the temporary injunction, but he granted the temporary injunction in direct contravention of the terms of the statute making it his duty to require a bond before awarding that writ.

It follows that his action in this regard was futile and not binding on any persons purported to be restrained by the temporary injunction.

## II.

We cannot consent to the view that a circuit judge possessed of full chancery powers, is powerless to appoint a receiver in vacation in any legal or equitable proceeding whatever, that may be pending before him.

The power to make such an appointment is expressly given by statute. [R. S. 1909, sec. 2018.] It is an extraordinary power and should never be exerted except to prevent irreparable injury or the defeat of justice and then only after due notice or upon such conditions as will secure a prompt hearing of the right to make and continue the appointment. [State ex rel. v. McQuillin, 256 Mo. 693.]

So sedulously has the statute guarded the exercise of this power, that it gives the remedy of an immediate appeal from a refusal to "revoke, modify or change an interlocutory order appointing a receiver," which it requires to be advanced and summarily disposed of in the appellate court. [R. S. 1909. sec. 2038.]

In the case at bar the record shows that after the receiver was appointed, respondents (plaintiffs below) petitioned the court to rule defendants to show cause why the appointment of the receiver should not stand, which was accordingly done and the time for such hearing set on the 14th day of August, 1911. Pending the lapse of time thus set the relators sued out the

present writ. We have ruled that such a writ should not be issued pending the consideration in the lower court of a timely rule to show cause, for the reason that if the lower court was possessed of jurisdiction of the subject-matter and the parties, an opportunity should be given to it to make a ruling not in excess of its jurisdiction on the collateral question of the propriety of revoking an appointment of the receiver. [State ex rel. v. McQuillin, supra.]

It follows that the writ in this case was prematurely issued unless it can be shown that the lower court had no jurisdiction of the matters of equity alleged in the suit against relators and this presents for review the last contention of relators.

### III.

The right of stockholders to bring an action for the benefit of the corporation to recover assets wasted or fraudulently appropriated to themselves by its officers, in case of the refusal of the board of directors to institute such action, is the unquestionable rule in equity and under the statutes of this State.

The petition filed in the lower court, though lacking in definiteness, explicitness, precision of statement, or regularity, seems to have been intended to set out a cause of action in conformity with the above principle. At least such an intendment can be ascribed to it when looked at from the standpoint of its sufficiency to give the lower court jurisdiction of the matters alleged therein. It therefore presented a subject-matter within the jurisdiction of the circuit court. We must assume that said court will conduct the proceedings before it according to correct principles of law and equity, and if the hearing should disclose no matter for which relief could be given, it will be denied or *vice versa.*

It is said in the oral argument that the entire assets of the American Bankers Assurance Company

have been administered in a suit brought in Delaware where the corporation was created and domiciled. If that has been lawfully and properly done, there would seem to be little occasion for administration here through the medium of a suit to realize the assets of the foreign corporation. In any event the proceedings in this State must be conducted under the auspices of, or auxiliary to, the receiver appointed for the foreign corporation in its home State and where the bulk of its assets were located. While the foreign administrator could not demand to be made a party as a matter of legal right, yet such a substitution is authorized in this State upon principles of comity. [State ex rel. v. Denton, 229 Mo. l. c. 200; Clark v. Lopp, 80 Mo. App. l. c. 553, and cases cited.]

But all the questions arising on the petition below must be resolved primarily by the trial court. We are satisfied that the case presented there was not outside of its jurisdiction and that *at the time* of the application for our writ of prohibition respondent had not exceeded his lawful jurisdiction.

It follows that the alternative writ awarded in this case must be quashed and the proceedings dismissed. All concur.