PERSEVERANCE COMMON SCHOOL DIS-
TRICT NO. 90, William Athey, Thelma
Spear, George Mayfield, Al Pendergraft,
Faye Pendergraft, Billy V. Hart, and How-
ard E. Hoover, Plaintiffs-Appellants,

v.

Gerald HONEY, Leonard Kneale, Lloyd
Brock, Clarence Williams, Jr., Roy Smith,
Lloyd Ralston, Individually and as Mem-
bers of the Jasper County Board of Edu-
cation, John F. Wilson, Superintendent of
Schools of Jasper County, Missouri, and as
Secretary of the Jasper County Board of
Education, and Jasper County Board of
Education, Defendants-Respondents.

No. 8161.

Springfield Court of Appeals.

Missouri.

April 25, 1963.

Ralph Baird, Joplin, for plaintiffs-appellants.

Myers & Birk, Webb City, for defendants-respondents.

RUARK, Presiding Judge.

This is an appeal, as we shall hold, from an order setting aside a temporary injunction.

On June 21, 1962, plaintiffs, who are the Perseverance Common School District No. 90 of Jasper County, Missouri and a group of taxpayers resident in that district, sued the members of the Jasper County Board of Education individually and as members thereof, and one John F. Wilson, Superintendent of Schools of Jasper County and Secretary of the Jasper County Board of Education, the purpose being to attack the legality of and prevent an election which defendants had called for June 30, 1962, for the purpose of submitting to the voters of the school districts known as Webb City, Perseverance Common No. 90, Underwood Common No. 100, and Prosperity Common No. 99 a proposition to create an enlarged district referred to as the "Seventh Plan."

The petition alleges that at 10:15 A.M. on February 23, 1962, there was delivered to County Superintendent Wilson a petition signed by more than fifteen qualified voters in each of these school districts, viz., Carterville Consolidated No. 91, Underwood Common No. 100, and Perseverance Common No. 90, which petition called for consolidation under the provisions of Section 165.273, V.A.M.S.; that, instead of calling an election and posting notices, Wilson caused certain members of the Jasper County Board to come together individually, without notice or quorum or in official meeting, and construct the "Seventh Plan" of reorganization; that thereafter, and without authority of law, Wilson affixed his name to such "Seventh Plan" and forwarded the same to the State Board of Education as though to proceed under Section 165.673, V.A.M.S., in an effort to pre-empt jurisdiction; that the State Board of Education received such petition on February 26, 1962, disapproved it, and returned it to the County Board; that thereafter the County Board refused and failed to alter, change, or revise said "Seventh Plan" but instead resubmitted such original plan to the State Board; that the State Board was offered no opportunity to consider any revised plan; and that on June 5, 1962, the original "Seventh Plan" was returned to the County Board without approval; that on June 13, 1962, the members of the Jasper County Board met in a closed meeting, from which were excluded the plaintiffs, the public, and the press, and voted to call the election of

which plaintiffs complain. The prayer of the petition is for a permanent injunction from continuing the call for election of the "Seventh Plan," from giving notice, from designating polling places, selecting judges and clerks, and otherwise preparing for such election or charging plaintiff district with any cost thereof, for a declaratory judgment, and also for a temporary order restraining the above acts pending hearing on such injunction.

Thereafter the court issued what is entitled "temporary restraining order," reciting that a good and sufficient bond had been given and approved, and restraining the defendants from continuing the call or perfecting the election. " * * * this temporary injunction and restraining order shall be in force and effect * * * until such time as the Court may have the opportunity to try and determine the Petition for Injunction."

The transcript, which is approved by both counsel for plaintiffs and counsel for defendants, does not show whether this order was issued ex parte or whether advance notice was given. No contention of want of notice was raised in the motion to dissolve (43 C.J.S. Injunctions § 247, p. 986), or is made here. If any show-cause order was issued under Supreme Court Rule 92.19, V.A.M.R., such is not shown.

On June 13, 1962, defendants filed answer admitting the capacity and position of parties and the call and preparation for the proposed election. They further admit the presentation of the petition for consolidation at the time alleged but state that on February 21, 1962, the County Board adopted the "Seventh Plan"; that it was mailed to the State Board on February 23, which board found the plan inadequate and returned it; that the County Board thereafter reviewed the rejected plan, made such alteration as it deemed advisable, and returned it to the State Board, which again disapproved it. Further answering, they allege that before the County Superintendent had an opportunity to investigate the petition for consolidation, six of the signers of the petition from Underwood District petitioned to remove their names, and said petition was granted, so that fewer than fifteen signers were left from Underwood. They further allege that thereafter the plaintiffs signed a petition to annex Perseverance Common to Carterville School District; that on election such proposition was defeated and that such conduct constituted an abandonment and an estoppel. The answer denies any secret meetings and asserts plaintiffs were heard at various meetings; and it also denies that the petition states a cause of action.

Thereafter the defendants filed a motion to dissolve, the ruling upon which is the subject of this controversy. The motion incorporates the answer and further pleads that the injunction is premature in that until the election is held there can be no determination as to whether there will be any damage to the plaintiffs.

Although the transcript before us does not show a setting, we can gather from the colloquy before the court and the letter hereinafter referred to that a hearing of *some* sort, for *some* purpose, had been set, or was at least contemplated, for July 2. On June 25, 1962, the judge of the circuit court wrote plaintiffs' attorney informing him that defendants had filed the motion to dissolve the temporary restraining order and that a hearing, originally scheduled for July 2, 1962, would be held on June 27, 1962, at 9:30 A.M. Apparently this letter was received by plaintiffs' counsel on June 26. On the same day he filed application for continuance, the burden of which was that he had relied on the July 2 setting; that material portions (some of them set forth) of defendants' answer were untrue and plaintiffs desired to prove such; that the change of setting was in violation of the Rules of the Circuit Court; that Rule 44.01(d) requires notice of five days on a motion to dissolve; that plaintiffs had had no notice in accordance with Rule VI of the circuit court; that plaintiffs had witnesses to prove that material parts of the

motion to dissolve were untrue but would not be able to secure them by 9:30 A.M. on June 27.

On June 27, 1962, the court opened the proceedings by stating that the hearing was originally set for July 2; that in the meantime the court had reread and given further consideration to plaintiffs' petition and "* * * this is about the same situation as in the trial of a lawsuit, a civil case where at the close of the plaintiff's testimony, the defendant offers a motion to dismiss. Well, the customary manner is to go ahead and hear the rest of the case and then if there is something wrong with it, why, it can be disposed of. Now, I feel that in this situation, the best thing to do would be to set aside the temporary restraining order so that the election can be held. If the election doesn't carry, then the matter is solved. If the election does carry, the plaintiffs still have their remedy to determine whether or not the election is valid. Of course, the petition states that the election would be invalid, and if that is true, why, it would have no effect. Anyway, the matter is going to have to be tried out and if the election should fail to carry, why, then there is no problem about it. So, the Court, of its own motion, will set aside the temporary restraining order which has heretofore been granted."

The plaintiffs' counsel attempted to obtain a stipulation that he had not been served with a copy of the motion to dissolve. The court stated, "* * * The Court feels that the Court has the right of its own motion to set aside the temporary restraining order, and, as I have stated in the record, I felt that that was to the best interest of all concerned, both plaintiffs and defend-

ants." And again in the colloquy, "—because I did go over the petition again, and I question whether or not injunctive relief is the proper remedy if, as you state in your petition, the election would be void. In other words, you don't need a restraining order to prevent an election which would not accomplish anything." Thereafter counsel for plaintiffs offered to make certain proofs concerning the calling of and preparation for the election, which offers were refused; and thereupon the court made entry that the restraining order theretofore granted be set aside.

■ Was this an appealable order? Respondents contend that an order dissolving a temporary injunction is not appealable. They rely upon Rose v. Township Board of Combs Tp., 163 Mo. 396, 63 S.W. 698. As we interpret Section 512.020, V.A.M.S., and its ancestors, an appeal may be taken "from any order * * * dissolving an injunction." State ex rel. Manning v. Smith, 188 Mo. 167, 86 S.W. 867.[1]

■ Was the order appealed from an injunction? Various texts and cases distinguish between a "temporary restraining order," as this one is entitled, and a "temporary injunction."[2] The distinction, as we see it, is not in the essential character of the order (both are in restraint of threatened acts) but in the time and extent of the restraint. A temporary restraining order, or "stay order," as it is sometimes called, is limited in time and is self-dissolving at the expiraton of the time fixed (usually for a hearing on an application for temporary injunction) unless continued or extended or converted into an injunction pendente lite,[3] whereas a "temporary injunc-

1. See National Refining Co. v. Cox, 227 Mo.App. 778, 57 S.W.2d 778; Albers Commission Co. v. Spencer, 205 Mo. 105, 113, 103 S.W. 523, 524, 11 L.R.A.,N.S., 1003; Id., 236 Mo. 608, 139 S.W. 321; Brown v. Curtin, 330 Mo. 1156, 52 S.W.2d 387.

2. See 28 Am.Jur., Injunctions, § 11, p. 498, et seq.; 43 C.J.S. Injunctions § 8,

p. 415; Swenson v. Seattle Central Labor Council, 25 Wash.2d 612, 171 P.2d 699; State ex rel. American Bankers' Assur. Co. v. McQuillin, 260 Mo. 164, 168 S.W. 924; Harbin v. Love, 119 Neb. 76, 227 N.W. 145.

3. Boatmen's Nat. Bank of St. Louis v. Cantwell, Mo.App., 161 S.W.2d 431; Id., Mo.App., 183 S.W.2d 397; State ex rel.

tion" runs until dissolved by action of the court or the parties.[4] But nomenclature cannot change the fundamental character of the order, no matter what it is called,[5] and a "temporary restraining order" is an injunction. Waterman v. Waterman, Mo. App., 210 S.W.2d 723. Regardless of the foregoing, this order, however the court may have intended it, restrained the defendants from the threatened acts until such time as the court might try and determine the issues on the petition. This was an order which imposed restraint until the case was heard or until it was dissolved by action of the court or parties—an indefinite period—and we believe it was a temporary injunction.

█ Supreme Court Rules 92, V.A.M.R., gather together the procedures and provide a separate and distinct code in injunction cases. Rule 92.16 specifically provides for the introduction of testimony on a motion to dissolve and states that the motion shall be decided "upon the weight of the testimony." Rule 92.17 provides for a continuance in order to allow opportunity for presentation of material evidence. Rule 92.18 provides how testimony may be presented. We think these provisions leave no doubt as to the right of the parties to a hearing and opportunity to present evidence on a motion to dissolve.[6]

█ We agree that there would be no necessity for the presentation of proof if the court found (a) it had no jurisdiction

to issue the original order in the first instance; or (b) that the petition showed on its face there was no possible ground or basis for the equitable relief prayed for.[7] But no such contention has been made in this court, and since it appears from the prayer that the relief sought might be a proper remedy,[8] we think we should eschew any unsolicited further inquiry into any question which may go into the merits of the controversy.

█ In determining the question of whether the plaintiff was entitled to a hearing we have not overlooked the fact that the court on its own motion *set aside* the preliminary injunction. We do not deny that a court of equity has certain inherent powers in matters of this kind. 43 C.J.S. Injunctions § 229, p. 967; Danciger v. American Exp. Co., 192 Mo.App. 172, 179 S.W. 797. But these powers, although recognized, are also channeled and limited by Supreme Court Rules 92, and the plain provisions of such rules cannot be negatived by simply calling an order which obviously sustains a pending motion to dissolve one to "set aside" instead of to dissolve. In this instance we believe that plaintiffs were entitled to a fair hearing on the motion to dissolve. Inasmuch as the court announced at the outset that it had decided to set the injunction aside on its own motion, thereafter refused appellants' attempted offers of proof, and thereupon entered an order setting aside the injunction on the court's own motion, we believe that the appellants

Beck v. Associates Discount Corp., 161 Neb. 410, 73 N.W.2d 673; Western Gas & Power of Idaho v. Nash, 75 Idaho 327, 272 P.2d 316; Ex parte Sharp, 87 Kan. 504, 124 P. 532, 534.

4. Scarborough v. Connell, Tex.Civ.App., 84 S.W.2d 734, 735; Haralson v. Seminole Bottling Co., 188 Ga. 600, 4 S.E.2d 452; State ex rel. Johnson Co. v. Raph, 184 Iowa 28, 168 N.W. 259.

5. Akin v. Rice, 137 Mo.App. 147, 117 S.W. 655; State ex rel. George v. Mitchell, Mo.App.. 230 S.W.2d 116; State ex rel. Public Service Commission v. District Court, 103 Mont. 563, 63 P.2d 1032.

6. See Joplin Gas Co. v. Joplin, 182 Mo. App. 422, 167 S.W. 660, 663.

7. Schwartz v. Jacobs, Mo.App., 352 S.W.2d 389; State ex rel. Barnett School Dist. No. 66, Laclede County, v. Barton, Mo. App., 104 S.W.2d 284; Wegenka v. St. Joseph, Mo.App., 212 S.W. 71; State ex rel. Janus v. Ferriss, Mo.App., 344 S.W. 2d 656.

8. Glascow School Dist. No. 60, Howard County, v. Marshall, Mo.App., 333 S.W. 2d 547; Baum v. City of St. Louis, 343 Mo. 738, 123 S.W.2d 48.

were denied a hearing and, to that extent, the court erred, even though we do not disagree with the practicalities suggested by the eminent judge.

After having accepted jurisdiction in this case, we learn, from statements made by counsel in argument and from pleadings filed in this and in a companion case, that all things restrained by the temporary injunction have, since the date of the order appealed from, been done. The call for the election was continued; preparation and arrangements for such were completed; and the election was held and the results received and certified. Therefore, in so far as the temporary injunction proceeding is concerned, any further hearing would be fruitless, because the events sought to be prevented have already occurred. Ordinarily the sole purpose of a temporary injunction is to preserve the status quo pending a determination of the merits,[9] for rights already lost, or wrongs already perpetrated, cannot ordinarily be corrected by injunction. Eichelsbach v. Harding, Mo.App., 309 S.W.2d 681, 684, Id.,

Mo.App., 339 S.W.2d 289. And if a case becomes moot because some event occurs which makes it impossible for the reviewing court to grant effectual relief, the appeal will be dismissed.[10] We note, however, that jurisdiction has been retained where costs are involved. Burns v. Harris, Mo.App., 358 S.W.2d 257, 259.

No court can turn back the clock and order not to be done that which has already occurred. Hence the question (as to the matters raised on this appeal) is moot and the appeal must be dismissed. A court of equity has the power to apportion costs in a case of this character.[11] We believe that the appellants, who had a right to a hearing at the time the order was made and when the question was not then moot, should not be penalized for all the costs of this appeal. Accordingly, it is our order that the appeal be dismissed but that costs of this appeal be apportioned and charged against the parties one-half each.

STONE and HOGAN, JJ., concur.

9. Cirese v. Spitcaufsky, Mo.App., 265 S.W.2d 753; State on inf. of McKittrick v. American Ins. Co., 351 Mo. 392, 173 S.W.2d 51; St. Louis 221 Club v. Melbourne Hotel Corp., Mo.App., 227 S.W.2d 764; Missouri-Kansas-Texas R. Co. v. Randolph (8th Cir.), 182 F.2d 996.

10. 5 C.J.S. Appeal and Error § 1362, pp. 444, 448; Hribernik v. Reorganized School Dist. R-3, Mo.App., 276 S.W.2d 596; Hurtgen v. Gasche, Mo.App., 227 S.W.2d 494; Euclid Terrace Corp. v. Golterman Enterprises, Inc., Mo.App., 327 S.W.2d 542; Humphrey v. Humphrey, Mo.App., 362 S.W.2d 92; State ex rel. Myers v. Shinnick, Mo., 19 S.W.2d 676.

11. Missouri Cafeteria v. McVey, 362 Mo. 583, 242 S.W.2d 549; Amitin v. Izard, Mo.App., 262 S.W.2d 353; Joplin Gas Co. v. Joplin, supra, 182 Mo.App. 422, 167 S.W. 660.